VANOVERBEKE, MICHAUD & TIMMONY, P.C.
THOMAS C. MICHAUD (P46787)
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
tmichaud@vmtlaw.com

Local Counsel

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ALBERT GUZMAN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> FORD MOTOR COMPANY, et al., <br><br> Defendants. | Civ. No. 2:24-cv-12080-LVP-KGA <br><br> <u>CLASS ACTION</u> |
| ROBERT SKLODOWSKI, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> FORD MOTOR COMPANY, et al., <br><br> Defendants. | Civ. No. 2:24-cv-12492-TGB-EAS <br><br> <u>CLASS ACTION</u> |

CLARK D. CRIPPEN'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF

4874-8196-0940.v1

## MOTION

Plaintiff Clark D. Crippen moves this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), for an order: (1) consolidating the two above-captioned related securities class actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing Mr. Crippen as Lead Plaintiff; and (3) approving Mr. Crippen's selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel.[1] In support of this Motion, Mr. Crippen submits herewith a Memorandum of Law and Index of Exhibits.

DATED:  October 7, 2024

VANOVERBEKE, MICHAUD
 & TIMMONY, P.C.
THOMAS C. MICHAUD (P46787)


s/ Thomas C. Michaud
THOMAS C. MICHAUD

79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
tmichaud@vmtlaw.com

Local Counsel

---

[1]  Local Rule 7.1(a) requires a conference of counsel before filing motions. However, because of the PSLRA's procedure whereby any "purported class member . . . including any motion by a class member who is not individually named as a plaintiff in the complaint" may file a motion for appointment as lead plaintiff, 15 U.S.C. §78u-4(a)(3)(B)(i), Mr. Crippen will not know which other class members, if any, will seek appointment as lead plaintiff until after the filing deadline expires. Consequently, Mr. Crippen respectfully requests that Local Rule 7.1(a)'s conferral requirement be waived in this narrow instance.

- 1 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
JUAN CARLOS SANCHEZ
KENNETH P. DOLITSKY
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
jsanchez@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead
Plaintiff

- 2 -

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| ALBERT GUZMAN, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civ. No. 2:24-cv-12080-LVP-KGA |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| FORD MOTOR COMPANY, et al., | ) | |
| Defendants. | ) ) ) | |
| ROBERT SKLODOWSKI, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | Civ. No. 2:24-cv-12492-TGB-EAS |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| FORD MOTOR COMPANY, et al., | ) ) | |
| Defendants. | ) ) ) | |

CLARK D. CRIPPEN'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT
AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD
COUNSEL

- 1 -

4874-8196-0940.v1

## STATEMENT OF ISSUES PRESENTED

1.      Whether the Court should consolidate the Related Actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure;

2.      Whether the Court should appoint Mr. Crippen as Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B); and

3.      Whether the Court should approve Mr. Crippen's selection of Robbins Geller as Lead Counsel for the class pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

4874-8196-0940.v1

- 2 -

## STATEMENT OF CONTROLLING AUTHORITY

The lead plaintiff provisions of the PSLRA, 15 U.S.C. §§78u-4(a)(3), *et seq*.

4874-8196-0940.v1

## I.   INTRODUCTION

Pending before this Court are two related securities class action lawsuits brought pursuant to §10(b) and §20(a) of the Securities Exchange Act of 1934 ("Exchange Act") on behalf of purchasers or acquirers of Ford Motor Company ("Ford" or the "Company") securities between October 28, 2021 and July 24, 2024, inclusive (the "Class Period"): *Guzman v. Ford Motor Company*, No. 2:24-cv-12080-LVP-KGA, and *Sklodowski v. Ford Motor Company*, No. 2:24-cv-12492-TGB-EAS (the "Related Actions").  In securities class actions, the PSLRA dictates that the Court must decide whether to consolidate the Related Actions before selecting a movant to lead this litigation on behalf of the putative class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  As discussed below, the Related Actions should be consolidated pursuant to Rule 42(a) because they each involve similar legal and factual issues.

Additionally, the PSLRA states that, the Court "shall appoint the most adequate plaintiff as lead plaintiff."  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  Mr. Crippen should be appointed lead plaintiff because he: (1) timely filed this Motion; (2) has a substantial financial interest in the outcome of this litigation; and (3) will typically and adequately represent the class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, Mr. Crippen's selection of Robbins Geller to

- 1 -

4874-8196-0940.v1

serve as lead counsel should be approved because the Firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.

## II.     FACTUAL BACKGROUND

Ford is an automotive manufacturing company that develops, delivers, and services a range of trucks, cars, and luxury vehicles worldwide. Ford stock trades on the New York Stock Exchange under the ticker F.

The complaints allege that defendants throughout the Class Period made false and/or misleading statements and/or failed to disclose that: (i) Ford had deficiencies in its quality assurance of vehicle models since 2022; (ii) as a result, the Company was experiencing higher warranty costs; (iii) Ford's warranty reserves did not accurately reflect the quality issues in vehicles sold since 2022; and (iv) as such, the Company's profitability was reasonably likely to suffer.

On July 24, 2024, Ford announced second quarter 2024 financial results, revealing that Ford's "[p]rofitability was affected by an increase in warranty reserves" and "higher warranty costs." ECF 1 at ¶3. As a result, Ford also revised its outlook for full-year earnings for its electric vehicle segment to "reflect[] higher warranty costs than originally planned." *Id.* Analysts and journalists, including *The Associated Press* and *The Washington Post*, reported that, in the second quarter, warranty and recall costs totaled $2.3 billion, $800 million more than the first quarter and $700

- 2 -

4874-8196-0940.v1

million more than a year prior. *Id.* On this news, Ford's share price fell more than 18%.

Due to defendants' wrongful acts and omissions, and the declines in the market value of the Company's securities, Mr. Crippen and other putative class members have suffered significant losses and damages.

## III. ARGUMENT

### A. This Court Should Consolidate the Related Actions

The PSLRA requires the Court to consolidate the Related Actions before appointing a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Consolidation pursuant to Rule 42(a) is proper when actions involve common legal and factual questions. Fed. R. Civ. P. 42(a).

The Related Actions present similar factual and legal issues, alleging the same violations of the Exchange Act against the same defendants during overlapping Class Periods.[2] Because these Related Actions are based on the same facts and legal issues, the same discovery will pertain to both cases. Thus, consolidation is appropriate here.

---

[2] The two complaints allege overlapping, but different class period start dates. *Compare Guzman*, ECF 1 at ¶1 (alleging April 27, 2022 through July 24, 2024 class period) *with Sklodowski*, ECF 1 at ¶1 (alleging October, 2021 through July 24, 2024 class period). For purposes of appointing a lead plaintiff, courts generally apply the longest, most inclusive class period. *See, e.g., Town of Davie Police Pension Plan v. Pier 1 Imports, Inc.*, 2016 WL 1625774, at *2 (N.D. Tex. Apr. 25, 2016).

## B.      Mr. Crippen Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1).  First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint.  15 U.S.C. §78u-4(a)(3)(A)(i).  Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  Mr. Crippen meets each of these requirements and should therefore be appointed as Lead Plaintiff.

### 1.      This Motion Is Timely

On August 8, 2024, counsel for Albert Guzman published notice of the first-filed *Guzman* Action on *Business Wire*, advising potential class members of the pendency of the Action, the claims asserted, and the right to seek appointment as lead plaintiff no later than 60 days following the date of the notice, or October 7, 2024.

- 4 -

4874-8196-0940.v1

*See* Ex. A.  Mr. Crippen's Motion is therefore timely and he is entitled to be considered for appointment as Lead Plaintiff.

### 2.  Mr. Crippen Has the Largest Financial Interest in the Relief Sought by the Class

As evidenced by his Certification and loss chart, Mr. Crippen purchased 67,546 shares of Ford stock and suffered approximately $904,191 in losses as a result of defendants' alleged violations of the Exchange Act.  *See* Exs. B-C.  To the best of his counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, Mr. Crippen satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3.  Mr. Crippen Otherwise Satisfies Rule 23's Typicality and Adequacy Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(3)-(4).

Rule 23's "typicality" requirement is met if the plaintiff's claims "'arise[] from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.'"  *In re*

*Am. Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996) (citation omitted).  The "adequacy" requirement is satisfied where the representative "'ha[s] common interests with unnamed members of the class'" and will "'vigorously prosecute the interests of the class through qualified counsel.'"  *Id*. at 1083 (citation omitted).

Mr. Crippen satisfies the typicality requirement as he seeks to represent a class of similarly situated purchasers or acquirers of Ford securities and suffered losses as a result of defendants' alleged misconduct.  Indeed, like all other class members, Mr. Crippen: (1) purchased Ford securities during the Class Period; (2) was adversely affected by defendants' false and misleading statements and omissions; and (3) suffered damages thereby.  In other words, Mr. Crippen's claims arise from the same alleged misconduct and are based on the same legal theory as the claims of other class members.

Mr. Crippen also satisfies the adequacy requirement.  Mr. Crippen is an experienced investor who has submitted a declaration confirming his willingness and ability to serve as lead plaintiff.  *See* Ex. D.  Mr. Crippen is a Florida-based retiree with approximately 30 years of investing experience and a familiarity with selecting and overseeing lawyers. *See id.*, ¶1.  And, as further detailed below and in his Declaration, Mr. Crippen retained qualified and experienced proposed lead counsel to vigorously prosecute the case on behalf of the class. *See id.*, ¶6.

- 6 -

Because Mr. Crippen filed a timely motion, has a large financial interest in the relief sought by the class, and demonstrated his typicality and adequacy, the Court should adopt the presumption that he is the "most adequate plaintiff."

**C.     The Court Should Approve Mr. Crippen's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  Courts are "encouraged to refrain from interfering with the choice of the 'lead counsel' unless it is necessary to 'protect the interests of the class.'"  *Haase v. GunnAllen Fin., Inc.*, 2008 WL 3200590, at *2 (E.D. Mich. Aug. 5, 2008) (citation omitted).

Mr. Crippen has selected Robbins Geller as Lead Counsel.[3]  Robbins Geller, a 200-attorney firm with offices nationwide, regularly represents clients in complex class action litigation and possesses the experience and resources necessary to successfully prosecute this large and complex action for the benefit of the class. Robbins Geller's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house specialists to aid in the prosecution of complex securities issues.  Courts throughout the nation have noted Robbins Geller's reputation for excellence, resulting in the

---

[3]  For a detailed description of Robbins Geller's track record, resources and attorneys, please see https://www.rgrdlaw.com.  An electronic or paper record of the Firm's resume is available upon the Court's request, if preferred.

4874-8196-0940.v1

appointment of Robbins Geller to lead roles in hundreds of complex securities class action cases.  *See, e.g.*, *Owens v. FirstEnergy Corp.*, 2020 WL 6873421, at *12 (S.D. Ohio Nov. 23, 2020) (finding that Robbins Geller "possesses the requisite expertise and experience necessary to handle a case of this magnitude and complexity"); *In re Am. Realty Cap. Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, ECF 1316 at 55 (S.D.N.Y. Jan. 21, 2020) (Concerning Robbins Geller's role as sole lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller].  At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous.").

In addition to obtaining the largest securities fraud class action recoveries in the nation and in this Circuit, Robbins Geller attorneys have obtained the largest PSLRA recoveries in the Fifth, Sixth, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[4]

---

[4]   *See In re Enron Corp. Sec. Litig.*, No. 4:01-v-03264 ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit*)*; *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit);  *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re*

- 8 -

As such, Mr. Crippen's selection of Robbins Geller as Lead Counsel is reasonable and should be approved.

## IV.    CONCLUSION

The Related Actions present similar factual and legal issues and should be consolidated.  Mr. Crippen has satisfied each of the PSLRA's requirements for appointment as Lead Plaintiff.  As such, Mr. Crippen respectfully requests that the Court appoint him as Lead Plaintiff and approve his selection of Robbins Geller as Lead Counsel.

DATED:  October 7, 2024              Respectfully submitted,

VANOVERBEKE, MICHAUD
  & TIMMONY, P.C.
THOMAS C. MICHAUD (P46787)


                                       s/ Thomas C. Michaud
                                    THOMAS C. MICHAUD

                                    79 Alfred Street
                                    Detroit, MI  48201
                                    Telephone:  313/578-1200
                                    tmichaud@vmtlaw.com

                                    Local Counsel

---

*UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

- 9 -

4874-8196-0940.v1

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
JUAN CARLOS SANCHEZ
KENNETH P. DOLITSKY
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
jsanchez@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead
Plaintiff

- 10 -

4874-8196-0940.v1