# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| ALBERT GUZMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br> vs.<br><br>FORD MOTOR COMPANY, JAMES D. FARLEY, JR., and JOHN T. LAWLER,<br><br>       Defendants. | Case No. 2:24-cv-12080-LVP-KGA<br><br>District Judge Linda V. Parker<br><br>Magistrate Judge Kimberly G. Altman<br><br>CLASS ACTION<br><br>**MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION BY MOVANT MICHAEL M. PRESS FOR: (1) CONSOLIDATION OF RELATED ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF CO-LEAD COUNSEL**<br><br>**<u>ORAL ARGUMENT REQUESTED</u>** |
| ROBERT SKLODOWSKI, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br> vs.<br><br>FORD MOTOR COMPANY, JAMES D. FARLEY, JR., and JOHN T. LAWLER,<br><br>       Defendants. | Case No. 2:24-cv-12492-TGB-EAS<br><br>District Judge Terrence G. Berg<br><br>Magistrate Judge Elizabeth A. Stafford<br><br>CLASS ACTION |

Movant Michael M. Press ("Mr. Press"), by and through his counsel, will, and hereby does, respectfully move this Court, before the Honorable Linda V. Parker, for an Order, submitted herewith: (1) consolidating the above-captioned actions; (2) appointing Mr. Press as Lead Plaintiff pursuant to Section 21D of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4, et seq.; and (3) approving Mr. Press's selection of the law firms of Scott+Scott Attorneys at Law LLP ("Scott+Scott") and The Schall Law Firm ("SLF") to serve as Co-Lead Counsel for the Class.

This motion is supported by the accompanying Memorandum of Law in Support of Mr. Press's Motion for: (1) Consolidation of the Above-Captioned Actions; (2) Appointment as Lead Plaintiff; and (3) Approval of Scott+Scott and SLF as Co-Lead Counsel; the Declaration of Geoffrey Johnson in support thereof and the exhibits attached thereto; all of the prior pleadings and proceedings filed herein; and such other written and/or oral argument as may be presented to the Court.

# TABLE OF CONTENTS

I.   PRELIMINARY STATEMENT ........................................................................2

II.  FACTUAL BACKGROUND..........................................................................2

III. ARGUMENT..................................................................................................4

   A.  The Actions Should Be Consolidated ...........................................................4

   B.  Mr. Press Should Be Appointed Lead Plaintiff ............................................5

      1.   Mr. Press's Motion Is Timely ................................................................6

      2.   Mr. Press Believes He Has the Largest Financial Interest in the Relief
Sought by the Class ................................................................................7

      3.   Mr. Press Otherwise Satisfies Rule 23 of the Federal Rules of Civil
Procedure...............................................................................................8

   C.  The Court Should Approve Mr. Press's Selection of Co-Lead Counsel.....10

IV. CONCLUSION............................................................................................12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re American Medical Sys., Inc.*,
    75 F.3d 1069 (6th Cir. 1996) ..................................................................................9

*Franchi v. SmileDirectClub, Inc.*,
    No. 3:19-cv-00962, 2020 WL 6479561 (M.D. Tenn. Jan. 27, 2020) ...................................4, 5

*Johnson v. Celotex Corp.*,
    899 F.2d 1281 (2nd Cir. 1990)..................................................................................4

*Pio v. Gen. Motors Co.*,
    Civ. No. 14-11191, 2014 WL 5421230 (E.D. Mich. Oct. 24, 2014) .........................................9

*Ruckel v. Ford Motor Co.*,
    No. 17-cv-13536-LVP, 2018 WL 783534 (E.D. Mich. Feb. 7, 2018).......................................8

*Shupe v. Rocket Companies, Inc.*,
    601 F. Supp. 3d 214 (E.D. Mich. 2022)....................................................................9

*In re Tronox, Inc. Sec. Litig.*,
    262 F.R.D. 338 (S.D.N.Y. 2009) ..............................................................................6

**Statutes**

15 U.S.C. §78u-4(a)(1)-(3)(B)(ii) ..................................................................................5

15 U.S.C. §78u-4(a)(3)(A)(i) ......................................................................................5, 7

15 U.S.C. §78u-4(a)(3)(A)(i)(II)..................................................................................7

15 U.S.C. §78u-4(a)(3)(A)-(B) ....................................................................................5

15 U.S.C. §78u-4(a)(3)(B) ........................................................................................6, 7

15 U.S.C. § 78u-4(a)(3)(B)(ii) ....................................................................................4

15 U.S.C. §78u-4(a)(3)(B)(iii) ....................................................................................2

15 U.S.C. §78u-4(a)(3)(B)(iii)(I) ..................................................................................6

15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc)..............................................................................8

15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa) .............................................................................10

15 U.S.C. §78u-4(a)(3)(B)(v) ..............................................................................................2, 10

Exchange Act ..............................................................................................................................5, 6

Exchange Act §21D(a)(3)(B)........................................................................................................8

PSLRA ...................................................................................................................................4, 5, 10

**Other Authorities**

Federal Rule of Civil Procedure 23 .................................................................................6, 8, 9, 10

Federal Rules of Civil Procedure Rule 23(a)(4) ...........................................................................9

Rule 23(a)........................................................................................................................................8

Rule 42(a)......................................................................................................................................4, 5

## STATEMENT OF ISSUES PRESENTED

1.      Whether the Court should consolidate the above-captioned actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure;

2.      Whether the Court should appoint Michael M. Press ("Mr. Press") as Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B); and

3.      Whether the Court should approve Mr. Press's selection of Scott+Scott Attorneys at Law LLP and The Schall Law Firm as Co-Lead Counsel for the putative Class pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

## STATEMENT OF CONTROLLING AUTHORITY

The lead plaintiff provisions of the PSLRA, 15 U.S.C. §78u-4(a)(3), et seq.

Movant Michael M. Press ("Mr. Press" or "Movant"), by and through his counsel, respectfully submits this memorandum of law in support of his motion for: (1) consolidation of the above-captioned actions (the "Actions"); (2) appointment of Mr. Press as Lead Plaintiff pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4, *et seq.* (the "PSLRA"); and (3) approval of Mr. Press's selection of Scott+Scott Attorneys at Law LLP ("Scott+Scott") and The Schall Law Firm ("SLF") as Co-Lead Counsel for the putative Class pursuant to the PSLRA, 15 U.S.C. §78u-4(a)(3)(B)(v). The Actions are brought on behalf of a putative class of purchasers of Ford Motor Company ("Ford" or the "Company") securities between October 28, 2021, and July 24, 2024, inclusive (the "Class" that bought during the "Class Period").[1]

---

[1] Courts generally use the longest alleged class period for lead plaintiff determinations. *Parot v. Clarivate Plc*, No. 22-cv-1371, 2022 WL 1568735, at *5, n.5 (E.D.N.Y. May 18, 2022) ("Where, as here, the motion relates to pleadings alleging varying class periods, courts use the longest class period in determining the largest financial interest."); *see also Hom v. Vale, S.A.*, No. 1:15-cv-9539, 2016 WL 880201, at *4 (S.D.N.Y. Mar. 7, 2016); *Ali v. Intel Corp.*, No. 18-cv-00507, 2018 WL 2412111, at *2 n.6 (N.D. Cal. May 29, 2018) ("For the purpose of determining lead plaintiff, [] use of the longer, most inclusive class period [ ] is proper, as it encompasses more potential class members[.]").  Mr. Press therefore uses the longer Class Period alleged in the *Sklodowski* Action in determining his loss.

## I.    PRELIMINARY STATEMENT

Mr. Press should be appointed to serve as Lead Plaintiff for the consolidated Action because: (1) his motion for appointment as Lead Plaintiff is timely filed; (2) based on currently available information, Mr. Press has the largest financial interest in this litigation; and (3) Mr. Press will adequately represent the interests of the Class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  Further, Mr. Press's selection of Scott+Scott and SLF to serve as Co-Lead Counsel for the putative Class should be approved.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  Scott+Scott and SLF have long histories of successfully litigating securities fraud class actions and possesses the necessary resources to aggressively prosecute this Action on behalf of the putative Class.

## II.    FACTUAL BACKGROUND[2]

On August 8, 2024, Plaintiff Albert Guzman filed a complaint against Ford and other named Defendants (the "*Guzman* Complaint"), captioned *Guzman v. Ford Motor Company*, No. 2:24-cv-12080-LVP-KGA.  Guzman alleged that, throughout the class period identified in the *Guzman* Complaint (April 27, 2022, through July 24, 2024, inclusive), Ford, an automotive manufacturing company that develops, delivers, and services a range of trucks, cars, and luxury vehicles

---

[2] The facts set forth in the *Guzman* Complaint are incorporated herein by reference.

2

worldwide, and the other named Defendants made materially false and misleading statements and/or failed to disclose that: (1) the Company had deficiencies in his quality assurance of vehicle models since 2022; (2) as a result, the Company was experiencing higher warranty costs; (3) the Company's warranty reserves did not accurately reflect the quality issues in vehicles sold since 2022; and (4) as a result, the Company's profitability was reasonably likely to suffer. *Guzman* Complaint, ¶¶ 2, 5, 35.

On September 23, 2024, a second, similar complaint was filed against the same Defendants, captioned *Sklodowski v. Ford Motor Company*, No. 2:24-cv-12492-TGB-EAS (the "*Sklodowski* Complaint" or the "Complaint"), which alleges a class period between October 28, 2021, and July 24, 2024, inclusive.[3] *Sklodowski* Complaint, ¶1. The *Sklodowski* Complaint alleges that: (1) the Company had deficiencies in his quality assurance of vehicle models; (2) as a result, the Company was experiencing higher warranty costs; (3) the Company's warranty reserves did not accurately reflect the quality issues in vehicles sold; and (4) as a result, the Company's profitability was reasonably likely to suffer. *Sklodowski* Complaint, ¶¶ 5, 38.

---

[3] Citations to "¶__" and "¶¶__" are to paragraphs of the *Sklodowski* Complaint, filed on September 23, 2024, at ECF No. 1. Unless otherwise defined, capitalized terms shall have the same meanings as those set forth in the Complaint. The facts set forth in the Complaint are incorporated herein by reference

Both Actions allege that the truth about Ford's business began to be revealed on July 24, 2024. *Sklodowski* Complaint, ¶3, 39-40; *see also Guzman* Complaint, ¶¶3, 36-37. On this news, the Company's share price fell $2.51, or 18.36%, to close at $11.16 per share on July 25, 2024, on unusually heavy trading volume. *Sklodowski* Complaint, ¶¶4, 41; *see also Guzman* Complaint, ¶¶4, 38.

## III.   ARGUMENT

### A.   The Actions Should Be Consolidated

Under Rule 42(a), consolidation is appropriate when actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2nd Cir. 1990). Courts have found that consolidation is particularly appropriate in securities class action litigation pursuant to Rule 42(a). *Franchi v. SmileDirectClub, Inc.*, No. 3:19-cv-00962, 2020 WL 6479561, at *2 (M.D. Tenn. Jan. 27, 2020). "[T]he PSLRA provides that courts should consider consolidation '[i]f more than one action on behalf of a class asserting *substantially the same* claim or claims arising under this title has been filed,'" quoting 15 U.S.C. § 78u-4(a)(3)(B)(ii) (emphasis added).

The two above-captioned Actions present nearly identical factual and legal issues and allege the same violations of the federal securities laws against identical defendants on behalf of very similar classes. Because the Actions are based on the same facts and involve the same subject matter, discovery obtained in one lawsuit

4

will undoubtedly be relevant to the other.  Common questions of law and fact will predominate in these Actions.  Accordingly, consolidation under Rule 42(a) is appropriate here.  *See similarly Franchi*, at *3 ("Here, all of the cases: (1) allege violations of federal securities laws; (2) name many of the same defendants; (3) are based on the same allegedly wrongful conduct related to SmileDirect's IPO and his associated documents; and (4) seek verification of highly-overlapping, if not identical, investor classes.").

## B.      Mr. Press Should Be Appointed Lead Plaintiff

The Exchange Act, as amended by the PSLRA, establishes the procedure governing the appointment of a lead plaintiff in private securities fraud class actions.  *See* 15 U.S.C. §78u-4(a)(1)-(3)(B)(ii).  First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action informing class members of his right to file a motion for appointment as lead plaintiff (the "Early Notice").  *See* 15 U.S.C. §78u-4(a)(3)(A)(i).

Second, within 60 days after publication of the Early Notice, any "person" or "group of persons" who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the Action.  *See* 15 U.S.C. §78u-4(a)(3)(A)-(B).

Finally, within 90 days after publication of the Early Notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the

5

member or members of the class that the court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. §78u-4(a)(3)(B). Under his Exchange Act provision, "the 'most adequate plaintiff' [is] determined by a two-step competitive process." *In re Tronox*, *Inc. Sec. Litig.*, 262 F.R.D. 338, 343 (S.D.N.Y. 2009). First, the Exchange Act provides that the court is to presume the "most adequate plaintiff" to be the class member plaintiff who: (a) has either filed a complaint or moved for lead plaintiff in response to a notice; (b) has "the largest financial interest in the relief sought"; and (c) otherwise satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure 23. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Second, so long as that presumption is not rebutted, the "most adequate plaintiff" is to be appointed the lead plaintiff. *Id.* As demonstrated below, Mr. Press meets these requirements and should be appointed to serve as Lead Plaintiff in the Action.

### 1. Mr. Press's Motion Is Timely

On August 8, 2024, counsel for Plaintiff Guzman published a notice of pendency of the *Guzman* Action on *Business Wire,* a national, business-oriented newswire service. *See* Index of Exhibits ("Index"), Ex. A. Thereafter, on September 23, 2024, counsel for Plaintiff Sklodowski published a notice of pendency of the *Sklodowski* Action on *Business Wire*. *See* Index, Ex. B. Both notices of pendency state that all putative Class members seeking to be appointed

as lead plaintiff are required to move for appointment by October 7, 2024. *See* Index Exs. A & B. The requirements of §78u-4(a)(3)(A)(i) have, therefore, been met, and all putative Class members seeking appointment as Lead Plaintiff are required to move for appointment by October 7, 2024 (*i.e.*, within 60 days of publication of the Early Notice). *See* 15 U.S.C. §78u-4(a)(3)(A)(i)(II).

Mr. Press's Motion for Appointment as Lead Plaintiff was timely filed. Moreover, Mr. Press has submitted a Certification stating his willingness to serve as a representative party on behalf of the Class. *See* Index, Ex. C.

### 2. Mr. Press Believes He Has the Largest Financial Interest in the Relief Sought by the Class

Based on the evidence contained in Mr. Press's concurrently-filed Certifications, Mr. Press believes that he has the largest financial interest in the relief sought in this litigation. *See* Index, Ex. C. Mr. Press believes that his financial interest in the relief sought by the Class is greater than that of any other qualified movant seeking appointment as Lead Plaintiff. Mr. Press has suffered a loss of approximately $107,448 as a result of the disclosures of fraud. *See* Index, Ex. D.

Given that Mr. Press has the largest financial interest in this litigation and, as discussed below, satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this Action, he should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### 3. Mr. Press Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure

Pursuant to §21D(a)(3)(B) of the Exchange Act, a proposed lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may only serve as class representative if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(a). Of the four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the class representative. On a motion to serve as lead plaintiff, the movant must make only a "preliminary showing" that he satisfies the adequacy and typicality requirements of Rule 23. *Ruckel v. Ford Motor Co.*, No. 17-cv-13536-LVP, 2018 WL 783534, at \*2 (E.D. Mich. Feb. 7, 2018). Here, Mr. Press unquestionably satisfies both requirements. Further, Mr. Press goes beyond this "preliminary showing" requirement and provides a declaration further demonstrating his adequacy to represent the Class. *See* Index, Ex. E (Declaration).

Mr. Press's claims are typical of the claims of other purchasers of Ford securities. "[A] plaintiff's claim is typical if it arises from the same event or

practice or course of conduct that gives rise to the claims of the other class members, and if his or her claims are based on the same legal theory." *In re American Medical Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996).

Here, Mr. Press's and all other Class members' claims arise from the same course of conduct and series of events, and his legal arguments to prove Defendants' liability are nearly identical. Indeed, like all other Class members, Mr. Press: (1) purchased Ford securities during the Class Period; (2) at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) was damaged thereby. *See Id.* As such, Mr. Press is a typical member of the Class.

Mr. Press likewise satisfies the adequacy requirement of Rule 23. Under Rule 23(a)(4) of the Federal Rules of Civil Procedure, the representative party must "fairly and adequately protect the interests of the class." "The . . . adequacy requirement is satisfied whe[n] the representative ha[s] common interests with those of unnamed class representatives and is capable of vigorously prosecuting the action with the assistance of qualified counsel." *Shupe v. Rocket Companies, Inc.*, 601 F. Supp. 3d 214, 220 (E.D. Mich. 2022) quoting *Pio v. Gen. Motors Co.*, Civ. No. 14-11191, 2014 WL 5421230, at *4 (E.D. Mich. Oct. 24, 2014).

Here, Mr. Press's interests are perfectly aligned with the interests of all Class members and are not antagonistic in any way. There are no facts to suggest

9

any actual or potential conflict of interest or other antagonism between Mr. Press and other Class members.  *See* Johnson, Decl., Ex. C.  Additionally, Mr. Press has a substantial financial stake in this litigation, which provides the ability and incentive to vigorously represent the Class' claims and oversee counsel.  *See* Index, Ex. D.

Mr. Press has also demonstrated that he is an adequate representative in this matter by retaining competent and experienced counsel.  As shown below, Scott+Scott and SLF are highly qualified, experienced, and able to conduct this complex litigation in a professional manner.  Accordingly, Mr. Press has made a *prima facie* showing that he satisfies all of the requirements of Rule 23 for the purposes of his Motion.

### C.    The Court Should Approve Mr. Press's Selection of Co-Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  In making this determination, the court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

Mr. Press has selected the law firms of Scott+Scott and SLF as Co-Lead Counsel for the Class.  Scott+Scott has substantial experience in the prosecution of securities fraud class actions and possesses the necessary resources to efficiently

conduct this litigation. *See* Index, Ex. F. Specifically, Scott+Scott has recovered hundreds of millions of dollars in damages on behalf of securities investors.[4] *See* Index, Ex. F. Also, Scott+Scott currently serves as lead or co-lead counsel in numerous securities class actions pending in several U.S. District Courts.[5] *See* Index, Ex. F. Similarly, SLF has served as co-lead or additional counsel in many successful securities class actions[6] and currently serves as co-lead counsel in *Bergman v. Caribou Biosciences, Inc.*, No. 4:23-cv-01742 (N.D. Cal.) and *In re*

---

[4]   Recoveries obtained by Scott+Scott, acting as lead or co-lead counsel, include: *In re Micro Focus Int'l plc Sec. Litig.*, Lead Case No. 18-cv-01549 (CA Super. Ct. San Mateo Cnty.) ($107.5 million settlement); *Okla. Firefighters Pension & Ret. Sys. v. Newell Brands Inc.*, No. L-003492-18 (N.J. Super. Ct. Hudson Cnty.) ($102.5 million settlement); *In re SanDisk LLC Sec. Litig.*, No. 3:15-cv-01455 (N.D. Cal.) ($50 million); *Weston v. RCS Cap. Corp.*, No. 1:14-cv-10136 (S.D.N.Y.) ($31 million); *Policemen's Annuity & Benefit Fund of the City of Chi. v. Bank of Am.*, *N.A.*, No. 1:12-cv-02865 (S.D.N.Y.) ($69 million); *In re Priceline.com Inc. Sec. Litig.*, No. 3:00-cv-01844 (D. Conn.) ($80 million); *Thurber v. Mattel, Inc.*, No. 2:99-cv-10368 (C.D. Cal.) ($122 million); *In re Emulex Corp. Sec. Litig.*, No. 8:01-cv-00219 (C.D. Cal.) ($39 million); *In re Sprint Sec. Litig.*, No. 00-230077 (Mo. Cir. Ct., Jackson Cnty.) ($50 million); *In re Nw. Corp. Sec. Litig.*, No. 4:03-cv-04049 (D.S.D.) ($61 million); *Irvine v. ImClone Sys., Inc.*, No. 1:02-cv-00109 (S.D.N.Y.) ($75 million); *Schnall v. Annuity & Life Re (Holdings) Ltd.*, No. 3:02-cv-02133 (D. Conn.) ($27 million); *In re Wash. Mut. Mortg. Backed Sec. Litig.*, No. 2:09-cv-00037 (W.D. Wash.) ($26 million); and *In re Conn's, Inc. Sec. Litig.*, No. 4:14-cv-00548 (S.D. Tex.) ($22.5 million); *Abadilla v. Precigen, Inc.*, No. 5:20-cv-06936 (N.D. Cal.) ($13 million settlement).

[5]   *See, e.g.*, *White v. Brooge Energy Limited*, No. 2:24-cv-00959 (C. D. Cal.); *Marselis v. Fox Factory Holding Corp.*, No. 1:24-cv-00747 (N.D. Ga.); *Severt v. UiPath, Inc.*, No. 1:23-cv-07908 (S.D.N.Y.); *City of Omaha Police and Firefighters Ret. Sys. v. Cognyte Software Ltd.*, No. 1:23-cv-01769 (S.D.N.Y.); *Pompano Beach Police and Firefighters Ret. Sys. v. Olo Inc.*, No. 1:22-cv-08228 (S.D.N.Y.); *Jochims v. Oatly Group AB*, No. 1:21-cv-06360 (S.D.N.Y.); *Peterson v. TriplePoint Venture Growth BDC Corp.*, No. 3:23-cv-02980 (N.D. Cal.); *Sundaram v. Freshworks, Inc.*, No. 3:22-cv-06750 (N.D. Cal.); *City of Birmingham Relief and Ret. Sys. v. Acadia Pharms. Inc.*, No. 3:21-cv-00762 (S.D. Cal.); *Golubowski v. Robinhood Mkts., Inc.*, No. 3:21-cv-09767 (N.D. Cal.); and *Strezsak v. Ardelyx Inc.*, No. 4:21-cv-05868 (N.D. Cal.).

[6]   Recoveries obtained in securities class actions in which SLF acted as additional counsel include: *In re Snap Inc. Sec. Litig.*, No. 2:17-cv-03679 (C.D. Cal.) ($187.5 million settlement); *Klein v. Altria Grp., Inc.*, No. 3:20-cv-00075 (E.D. Va.) ($90 million settlement); *St. Clair Cnty. Emps.' Ret. Sys. v. Resideo Techs., Inc.*, No. 0:19-CV-02863 (D. Minn.) ($55 million settlement).

11

*The Hain Celestial Grp. Sec. Litig.*, No. 2:16-cv-04581 (E.D.N.Y.). *See also* Jasnoch Decl., Ex. G.

In light of the foregoing, the Court should approve Mr. Press's selection of Scott+Scott and SLF as Co-Lead Counsel.

## IV. CONCLUSION

For all the foregoing reasons, Mr. Press respectfully requests that the Court: (1) consolidate the above-captioned Actions; (2) appoint Mr. Press as Lead Plaintiff; (3) approve Mr. Press's selection of Scott+Scott and SLF to serve as Co-Lead Counsel; and (4) order such other relief as the Court may deem just and proper.

DATED: October 7, 2024         Respectfully Submitted,

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

*/s/ Geoffrey M. Johnson*
Geoffrey M. Johnson
12434 Cedar Road, Suite 12
Clevland Heights, OH 44116
Telephone: 216-229-6088
Facsimile: 216-229-6092
gjohnson@scott-scott.com

Thomas L. Laughlin, IV (*Pro hac vice* forthcoming)
Matthew A. Peller (*Pro hac vice* forthcoming)
Rhiana Swartz (*Pro hac vice* forthcoming)
Nicholas S. Bruno (*Pro hac vice* forthcoming)
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169
Telephone: 212-233-6444

12

Facsimile:  212-233-6334
tlaughlin@scott-scott.com
mpeller@scott-scott.com
rswartz@scott-scott.com
nbruno@scott-scott.com

**THE SCHALL LAW FIRM**
Brian J. Schall (*Pro hac vice* forthcoming)
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: 310-301-3335
Facsimile:  310-388-0192
brian@schallfirm.com

*Counsel for Lead Plaintiff Movant Michael M.
Press and Proposed Co-Lead Counsel for the
Class*

**WEITZ & LUXENBERG P.C.**
Paul F. Novak (MI Bar P39524)
Fisher Building
3011 West Grand Blvd, 24th Floor
Detroit, MI 48202
Telephone: 313-800-4170
Facsimile: 646-293-7992
pnovak@weitzlux.com

*Local Counsel for Lead Plaintiff Movant Michael
M. Press and Proposed Co-Lead Counsel for the
Class*

13

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 7th day of October, 2024 at Clevland Heights, Ohio.

*/s/Geoffrey M. Johnson*
Geoffrey M. Johnson

14