# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |
|---|---|
| ALBERT GUZMAN, Individually and on Behalf of All Others Similarly Situated, | No. 2:24-cv-12080-LVP-KGA |
| Plaintiff, | District Judge Linda V. Parker |
| v. | Magistrate Judge Kimberly G. Altman |
| FORD MOTOR COMPANY, JAMES D. FARLEY, JR., and JOHN T. LAWLER, | |
| Defendants. | |

## REFILED MOTION OF TEAMSTERS LOCAL 710 PENSION FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL

PLEASE TAKE NOTICE that proposed Lead Plaintiff Teamsters Local 710 Pension Fund ("Teamsters 710") respectfully moves the Court, pursuant to the Federal Rules of Civil Procedure and Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) appointing Teamsters 710 as Lead Plaintiff; (2) approving its selection of Labaton Keller Sucharow LLP as Lead Counsel for the Class; and AsherKelly as Liaison Counsel to the Class (3) granting such other and further relief as the Court may deem just and proper (the "Motion").

This Motion is made on the grounds that Teamsters 710 believes it is the "most adequate plaintiff" under the PSLRA and should therefore be appointed Lead Plaintiff. Teamsters 710 has, to its counsel's knowledge, the largest financial interest in the relief sought by the Class in the above-captioned action. Teamsters 710 also otherwise satisfies the requirements of Federal Rule of Civil Procedure 23 because its claims are typical of other Class members' claims, and because it will fairly and adequately represent the Class. Further, Teamsters 710 is the paradigmatic Lead Plaintiff envisioned by Congress in enacting the PSLRA because it is a sophisticated institutional investor with a substantial financial stake in the litigation that will provide effective monitoring and supervision of counsel.

Teamsters 710 respectfully requests oral argument.

This Motion is based upon the accompanying supporting Memorandum of Law, the Index of Exhibits filed herewith, the pleadings and other filings herein, and such other written or oral argument as may be permitted by the Court.

WHEREFORE, Teamsters 710 respectfully requests that the Court grant its motion and enter an Order: (1) appointing Teamsters 710 as Lead Plaintiff; (2) approving Teamsters 710's selection of Labaton Keller Sucharow LLP as Lead Counsel for the Class and AsherKelly as Liaison Counsel to the Class; and (3) granting such other and further relief as the Court may deem just and proper.

## LOCAL RULE 7.1 STATEMENT

Pursuant to Local Rule 7.1(a), parties are required to seek a concurrence before filing a motion.  Because of the PSLRA's procedure, however, whereby any "purported class member . . . including any motion by a class member who is not individually named as a plaintiff in the complaint" may file a motion for appointment as Lead Plaintiff, 15 U.S.C. §78u-4(a)(3)(B)(i), Teamsters 710 will not know what other Class members, if any, will seek appointment as Lead Plaintiff until after motions are filed on or before October 7, 2024.  Accordingly, Teamsters 710 respectfully requests that this conferral requirement be waived in this narrow instance.

2

Dated:  November 27, 2024                      Respectfully submitted,

**LABATON KELLER SUCHAROW LLP**

*/s/ Francis P. McConville*
Francis P. McConville (N.Y. 4740338)
Eric Belfi (N.Y. 2714202)
140 Broadway
New York, New York 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
fmcconville@labaton.com
ebelfi@labaton.com

*Counsel for Proposed Lead Plaintiff and Proposed Lead Counsel for the Class*


Matthew Henzi (P 57334)
Cynthia Billings-Dunn (P 54803)
AsherKelly
25800 Northwestern Highway, Suite 1100
Southfield, Michigan 48075
Tel: (248) 746-2710
mhenzi@asherkellylaw.com
cbdunn@asherkellylaw.com

*Proposed Liaison Counsel for the Class*

3

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |
|---|---|
| ALBERT GUZMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>    v.<br><br>FORD MOTOR COMPANY, JAMES D. FARLEY, JR., and JOHN T. LAWLER,<br><br>          Defendants. | No. 2:24-cv-12080-LVP-KGA<br><br>District Judge Linda V. Parker<br><br>Magistrate Judge Kimberly G. Altman |

**REFILED MEMORANDUM OF LAW IN SUPPORT OF MOTION OF TEAMSTERS LOCAL 710 PENSION FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD <u>COUNSEL</u>**

## TABLE OF CONTENTS

STATEMENT OF ISSUES PRESENTED PURSUANT TO LR 7.1(d)(2) .......... iv

CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR THE RELIEF SOUGHT PURSUANT TO LR 7.1(d)(2) ..................................................v

PRELIMINARY STATEMENT ..............................................................................1

FACTUAL BACKGROUND.................................................................................4

ARGUMENT .........................................................................................................6

I.     TEAMSTERS 710 SHOULD BE APPOINTED LEAD PLAINTIFF ..........6

       A.     The PSLRA Standard for Appointing Lead Plaintiff............................6

       B.     Teamsters 710 Is the "Most Adequate Plaintiff" .................................7

              1.     Teamsters 710's Motion Is Timely............................................7

              2.     Teamsters 710 Has a Substantial Financial Interest ..................8

              3.     Teamsters 710 Satisfies Rule 23's Typicality and Adequacy Requirements .............................................................................9

              4.     Teamsters 710 Is Precisely the Type of Lead Plaintiff Congress Envisioned When It Passed the PSLRA ...................11

II.    LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL MERITS APPROVAL ...........................................................................................12

CONCLUSION ...................................................................................................14

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Bear Stearns Co., Inc. Sec., Derivative, & ERISA Litig.*,
  2009 WL 50132 (S.D.N.Y. Jan. 5, 2009) ............................................................1

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001) ........................................................................12, 13

*City of Pontiac Gen. Emps.' Ret. Sys. v. Stryker Corp.*,
  2011 WL 13228127 (W.D. Mich. Jan. 3, 2011) .................................................12

*Lax v. First Merchs. Acceptance Corp.*,
  1997 WL 461036 (N.D. Ill. Aug. 11, 1997) .....................................................8, 9

*Pio* v. *Gen. Motors Co.*,
  2014 WL 5421230 (E.D. Mich. Oct. 24, 2014)..........................................7, 9, 10

*In re Regions Morgan Keegan Closed-End Fund Litig.*,
  2010 WL 5173851 (W.D. Tenn. Dec. 15, 2010) ................................................12

*Ruckel* v. *Ford Motor Co.*,
  2018 WL 783534 (E.D. Mich. Feb. 7, 2018).............................................8, 9, 10

**Rules & Statutes**

Fed. R. Civ. P. 23 .......................................................................................*passim*

15 U.S.C. § 78u-4 *et seq*. ...........................................................................*passim*

**Docketed Cases**

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
  No. 04-cv-8141 (S.D.N.Y.)................................................................................13

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
  No. 08-md-1963 (S.D.N.Y.) ..............................................................................13

*In re Broadcom Corp. Class Action Litig.*,
  No. 06-cv-05036 (C.D. Cal.) .............................................................................13

ii

*In re Countrywide Fin. Corp. Sec. Litig.*,
   No. 07-cv-5295 (C.D. Cal.) ...................................................................13

*In re Mercury Interactive Corp. Sec. Litig.*,
   No. 05-cv-3395 (N.D. Cal.) ...................................................................13

*In re Nielsen Holdings PLC*,
   No. 18-cv-07143 (S.D.N.Y.)...................................................................14

**Other Authorities**

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N.
   730................................................................................................11, 12, 13

**<u>STATEMENT OF ISSUES PRESENTED PURSUANT TO LR 7.1(d)(2)</u>**[1]

1.      Whether Teamsters Local 710 Pension Fund possesses the largest financial interest in the relief sought by the Class.

Teamsters Local 710 Pension Fund's Answer: Yes.

2.      Whether Teamsters Local 710 Pension Fund has made the required preliminary showing it is a typical and adequate Class representative.

Teamsters Local 710 Pension Fund's Answer: Yes.

3.      Whether any opposing movant can offer the required proof to rebut the presumption that Teamsters Local 710 Pension Fund is the most adequate plaintiff.

Teamsters Local 710 Pension Fund's Answer: No.

4.      Whether the Court should approve Teamsters Local 710 Pension Fund's selection of Lead Counsel and Liaison Counsel.

Teamsters Local 710 Pension Fund's Answer: Yes.

---

[1] This brief has been refiled in compliance with the Court's consolidation order. ECF Nos. 31-32.  It is substantively the same as the previously filed motion and brief (ECF No. 13) but excludes references to consolidation.

iv

## CONTROLLING OR MOST APPROPRIATE
## AUTHORITY FOR THE RELIEF SOUGHT PURSUANT TO LR 7.1(d)(2)

1.      15 U.S.C. § 78u-4(a)(3).

2.      *Pio* v. *Gen. Motors Co.*, 2014 WL 5421230 (E.D. Mich. Oct. 24, 2014).

3.      *Ruckel* v. *Ford Motor Co.*, 2018 WL 783534 (E.D. Mich. Feb. 7, 2018).

4.      H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730.

Proposed Lead Plaintiff Teamsters Local 710 Pension Fund ("Teamsters 710") respectfully submits this Memorandum of Law pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), in support of its motion for the entry of an Order: (1) appointing Teamsters 710 as Lead Plaintiff in the above-captioned "Action"; (2) approving Teamsters 710's selection of Labaton Keller Sucharow LLP ("Labaton") as Lead Counsel for the Class and AsherKelly as Liaison Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

## **PRELIMINARY STATEMENT**

Teamsters 710, a sophisticated institutional investor, respectfully submits that it should be appointed Lead Plaintiff in the Action on behalf of a class consisting of all purchasers of Ford Motors Company ("Ford" or the "Company") securities between October 28, 2021 and July 24, 2024, both dates inclusive (the "Class Period")[2], who were damaged thereby (the "Class"). The Action seeks to recover

---

[2] The Class Period as defined herein is the longest possible class period of the actions that have been consolidated by the Court (ECF Nos. 31-32) (the "Consolidated Actions"). *See, e.g., In re Bear Stearns Co., Inc. Sec., Derivative, & ERISA Litig.*, 2009 WL 50132, at *8 (S.D.N.Y. Jan. 5, 2009) (noting that when initial complaints allege multiple class periods, "the lead plaintiff analysis should utilize the most inclusive class period because 'it encompasses more potential class members'") (citation omitted).

damages caused by alleged violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company, James D. Farley, Jr. and John T. Lawler (collectively, "Defendants").

The PSLRA requires that the Court appoint the "most adequate plaintiff" to serve as lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).  In that regard, the Court must determine which movant has the "largest financial interest" in the relief sought by the Class, and also whether such movant has made a *prima facie* showing that it is a typical and adequate class representative under Federal Rule of Civil Procedure 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

For the reasons discussed herein, Teamsters 710 respectfully submits that it is the "most adequate plaintiff" under the PSLRA and should be appointed Lead Plaintiff.  Teamsters 710 incurred losses of *$350,400* on its Class Period transactions in Ford securities as calculated on a last-in-first-out ("LIFO") basis.[3]  Accordingly, Teamsters 710 has a substantial financial interest in directing this litigation and recovering losses attributable to Defendants' alleged violations of the federal

---

[3] A copy of Teamsters 710's PSLRA Certification is attached as Exhibit A to the Index of Exhibits.  The Certification sets forth all transactions of Teamsters 710 in Ford securities during the Class Period.  In addition, a table reflecting the calculation of financial losses sustained by Teamsters 710 on its Class Period transactions in Ford securities ("Loss Analysis") is attached as Exhibit B to the Index of Exhibits.

securities laws—an interest believed to be greater than that of any other qualified movant. In addition to asserting a substantial financial interest in this litigation, Teamsters 710 also satisfies the relevant requirements of Federal Rule of Civil Procedure 23 because its claims are typical of all members of the Class, and it will fairly and adequately represent the Class. Moreover, the PSLRA's legislative history shows that large, sophisticated institutional investors like Teamsters 710 are precisely the type of investor that Congress intended to empower to lead securities class action litigation.

Finally, pursuant to the PSLRA, Teamsters 710 respectfully requests that the Court approve its selection of Labaton as Lead Counsel for the Class and AsherKelly as Liaison Counsel for the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("[T]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class"). Labaton is a nationally recognized securities class action firm that has recovered billions of dollars for the benefit of injured investors and has the expertise and resources necessary to handle litigation of this complexity and scale.

Accordingly, Teamsters 710 respectfully requests that the Court appoint it as Lead Plaintiff for the Class and approve its choice of Lead Counsel.

## FACTUAL BACKGROUND[4]

Ford is a multinational automotive manufacturing company headquartered in Dearborn, Michigan.  Ford is an automotive manufacturing company that develops, delivers, and services a range of trucks, cars, and luxury vehicles worldwide.  Ford provides warranties on vehicles it sells across the world for specific periods of time and mileage.  Pursuant to these warranties, Ford is obligated to repair, replace, or adjust parts on a vehicle that are defective due to factory-supplied materials or workmanship during the specified warranty period.  Ford also incurs costs for field services actions, such as safety and emissions recalls, and for customer-specific "satisfaction actions" like extended warranties.

The Complaint alleges that during the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects.  ECF No. 1 at PageID.3.  Specifically, Defendants failed to disclose to investors: (1) that the Company had deficiencies in its quality assurance of vehicle models; (2) that, as a result, the Company was experiencing higher warranty costs; (3) that the Company's warranty reserves did not accurately reflect the quality issues in vehicles sold; (4) that, as a result, the Company's profitability was reasonably likely to suffer; and (5)

---

[4] The following are as alleged in the Complaint in *Sklodowski v. Ford Motor Company,* No. 24-cv-12492-TGB-EAS (E.D. Mich.).  *See* ECF No. 1 at PageID.1-34.

that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. *Id.*

The Complaint alleges that the truth emerged on July 24, 2024, when Ford announced second quarter 2024 financial results and admitted that the Company's "[p]rofitability was affected by an increase in warranty reserves" and "higher warranty costs." *Id.* at PageID.16. As a result, the Company also revised its outlook for full year earnings for its electric vehicle segment to reflect higher warranty costs than originally planned, with warranty and recall costs of $2.3 billion in the second quarter, $800 million more than the first quarter and $700 million more than a year prior. *Id.* The Company added that "We still have lots of work ahead of us to raise quality and reduce costs and complexity, but the team is committed and we're heading in the right direction." *Id.* On this news, Ford's stock price fell $2.51 per share, or 18.36%, to close at $11.16 per share on July 25, 2024. *Id.* at PageID.17.

As a result of Defendants' allegedly wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Teamsters 710 and the Class have suffered significant losses and damages. *Id.* at PageID.4.

## ARGUMENT

### I.   TEAMSTERS 710 SHOULD BE APPOINTED LEAD PLAINTIFF

Teamsters 710 respectfully submits that it should be appointed Lead Plaintiff because it filed the instant motion in a timely manner, has a substantial financial interest in this litigation, and satisfies the typicality and adequacy requirements of Rule 23.

### A.   The PSLRA Standard for Appointing Lead Plaintiff

The PSLRA provides a straightforward, sequential procedure for selecting a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B) (setting forth procedure for selecting lead plaintiff).  First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –
>
> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

6

Next, pursuant to the PSLRA, a court is to consider any motion made by class members to serve as Lead Plaintiff and appoint the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most adequate plaintiff" is the person or group of persons who: (1) filed a complaint or timely filed a motion to serve as Lead Plaintiff, (2) has the largest financial interest in the relief sought by the class, and (3) who otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Pio* v. *Gen. Motors Co.*, 2014 WL 5421230, at \*2 (E.D. Mich. Oct. 24, 2014). This presumption may be rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Gen. Motors Co.*, 2014 WL 5421230, at \*8. Under the framework established by the PSLRA, Teamsters 710 is the most adequate plaintiff and should be appointed Lead Plaintiff.

**B.    Teamsters 710 Is the "Most Adequate Plaintiff"**

**1.    Teamsters 710's Motion Is Timely**

Teamsters 710 filed this motion to serve as Lead Plaintiff in a timely manner. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff in the first-filed of the Consolidated Actions caused notice regarding the pending nature of this case to be

published on *Business Wire,* a widely-circulated, national, business-oriented news wire service, on August 8, 2024.  *See* Index of Exhibits, Ex. C.  Thus, pursuant to the PSLRA, any person who is a member of the proposed Class may apply to be appointed lead plaintiff within sixty days after publication of the notice, *i.e.*, on or before October 7, 2024.  Then, on September 23, 2024, the plaintiff in the second-filed of the Consolidated Actions published notice reiterating the October 7, 2024 deadline.  *See* Index of Exhibits, Ex. D.  Teamsters 710 filed its motion seeking appointment as Lead Plaintiff within this deadline and thus has satisfied the procedural requirements of the PSLRA.

### 2.      Teamsters 710 Has a Substantial Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).

At the time of filing, Teamsters 710 believes it has the largest financial interest of any Lead Plaintiff movant.  Pursuant to the four factors set forth in *Lax* v. *First Merchants Acceptance Corp.*, as adopted by this Court, financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  *See* 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997); *see also Ruckel* v. *Ford Motor Co.*,

2018 WL 783534, at *1-2 (E.D. Mich. Feb. 7, 2018) (utilizing *Lax* Factors); *Gen. Motors Co.*, 2014 WL 5421230, at *2 (same). During the Class Period, Teamsters 710, (1) purchased 109,100 shares of Ford common stock (2) purchased 109,100 net shares during the Class Period; (3) made net expenditures of $1,512,457 on these shares; and (4) as a result of the alleged revelation of fraud, suffered a loss of *$350,400*.

Accordingly, Teamsters 710 has a substantial financial interest as a qualified movant seeking Lead Plaintiff status and is the presumptive "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

### 3.  Teamsters 710 Satisfies Rule 23's Typicality and Adequacy Requirements

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). "At this stage of the litigation, however, 'all that is required is a 'preliminary showing that the lead plaintiff's claims are typical and adequate [of the class].'" *Ford Motor Co.*, 2018 WL 783534, at *2 (citation omitted). Here, Teamsters 710 satisfies both requirements.

Teamsters 710's claims are typical of the claims asserted by the proposed Class. "Rule 23's 'typicality' requirement is met if the plaintiff's claims 'arise[] from the same event or practice or course of conduct that gives rise to the claims of

9

other class members, and if his or her claims are based on the same legal theory.'" *Gen. Motors Co.*, 2014 WL 5421230, at *4 (quoting *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996)).  Here, like all members of the Class, Teamsters 710 alleges that Defendants made material misstatements and omissions regarding the Company's business, operations, and prospects.  Teamsters 710, as did all of the members of the Class, purchased Ford securities in reliance on Defendants' alleged misstatements and omissions and was damaged thereby.  Accordingly, because Teamsters 710's claims arise out of the same course of events and relies on the same legal theories as do the claims of other Class members, the typicality requirement is satisfied.

Teamsters 710 likewise satisfies the adequacy requirement of Rule 23. "The . . . 'adequacy' requirement is satisfied where the representative 'ha[s] common interests with those of unnamed class representatives' and is 'capable of vigorously prosecuting the action with the assistance of qualified counsel.'"  *Id.* (quoting *Am. Med. Sys.*, 75 F.3d at 1082).  As applied, Teamsters 710 will fairly and adequately represent the interests of the proposed Class.  Indeed, "unlike investors with a nominal financial interest in the class action," Teamsters 710 has "the incentive to monitor the litigation, control lead counsel, and police any proposed settlement."  *Ford Motor Co.*, 2018 WL 783534, at *3.  Moreover, Teamsters 710 has also retained counsel highly experienced in prosecuting securities class actions

10

vigorously and efficiently, *see infra* Section III, and timely submitted its choice to the Court for approval, in accordance with the PSLRA. *See* 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (B)(v). On this point, Teamsters 710, as a sophisticated institutional investor, unquestionably has the sophistication, resources, and experience sufficient to pursue the above-captioned Action to a successful conclusion, including through the effective oversight of counsel. Finally, there is no proof that Teamsters 710 is "subject to unique defenses that render such plaintiff incapable of representing the class," because no such proof exists. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Accordingly, Teamsters 710 satisfies the adequacy requirement.

### 4.   Teamsters 710 Is Precisely the Type of Lead Plaintiff Congress Envisioned When It Passed the PSLRA

In addition to satisfying the requirements of Rule 23, Teamsters 710—a large, sophisticated institutional investor with experience successfully serving as court-appointed Lead Plaintiff under the PSLRA—is precisely the type of investor Congress envisioned, through the enactment of the PSLRA, to encourage to assume a more prominent role in securities litigation. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."). Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the

11

outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. *See id.* at 34-35, *reprinted in* 1995 U.S.C.C.A.N. at 733-34.

To this end, many courts, including courts in this Circuit, have recognized that the legislative history reflects a clear preference for institutional investors to be appointed as Lead Plaintiff in securities class actions. *See, e.g., City of Pontiac Gen. Emps.' Ret. Sys. v. Stryker Corp.*, 2011 WL 13228127, at *1 (W.D. Mich. Jan. 3, 2011) ("The focus on the plaintiff with the largest financial interests reflects 'a clear congressional preference for institutional investors to serve as lead plaintiffs.'") (citation omitted); *In re Regions Morgan Keegan Closed-End Fund Litig.*, 2010 WL 5173851, at *6 (W.D. Tenn. Dec. 15, 2010) ("One of the main purposes Congress sought to advance when enacting the PSLRA was to promote the appointment of institutional investors as lead.").

Accordingly, Teamsters 710 has the sophistication and resources necessary to effectively litigate this matter and supervise Class counsel.

## II.    LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL MERITS APPROVAL

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001) (stating that "the [PSLRA] evidences a strong presumption in favor of approving a properly-selected lead

12

plaintiff's decisions as to counsel selection and counsel retention"). Consistent with Congressional intent, a court should not disturb the lead plaintiff's choice of counsel unless it is "necessary to protect the interests of the plaintiff class." *See* H.R. Conf. Rep. No. 104-369, at 35 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 734.

Here, Teamsters 710 has selected Labaton, highly-qualified counsel, to serve as Lead Counsel for the proposed Class. Labaton has significant experience in prosecuting securities class actions and has excelled as lead counsel in numerous landmark securities class actions throughout the United States on behalf of defrauded investors. Labaton served as a lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-8141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured investors, secured a $294.9 million recovery in *In re Bear Stearns Cos., Inc. Securities, Derivative, & ERISA Litigation*, No. 08-md-1963 (S.D.N.Y.), in which it served as co-lead counsel, and secured a $117.5 million settlement in *In re Mercury Interactive Corp. Securities Litigation*, No. 05-cv-3395 (N.D. Cal.). In addition, Labaton was a lead counsel in *In re Countrywide Financial Corp. Securities Litigation*, No. 07-cv-5295 (C.D. Cal.), which achieved a settlement of $624 million—one of the largest securities fraud settlements arising from the financial crisis of 2007 and 2008, and also secured a $160.5 million settlement as lead counsel in *In re Broadcom Corp. Class Action Litigation*, No. 06-cv-05036 (C.D. Cal.). Labaton also secured a $73

13

million settlement for investors in *In re Nielsen Holdings PLC*, No. 18-cv-07143 (S.D.N.Y.). Labaton presently serves as lead and co-lead counsel in several significant investor class actions. *See* Labaton Firm Resume, Index of Exhibits, Ex. E. Likewise, AsherKelly is well qualified to represent the Class as Liaison Counsel. It maintains an office in this District, and is thus well qualified to represent the Class as Liaison Counsel.

In light of the foregoing, the Court should approve Teamsters 710's selection of Labaton as Lead Counsel for the Class and AsherKelly as Liaison Counsel for the Class. The Court can be assured that, by approving its choice of counsel, the Class will receive the highest caliber of representation.

## CONCLUSION

For the foregoing reasons, Teamsters 710 respectfully requests that the Court grant its motion and enter an Order: (1) appointing Teamsters 710 as Lead Plaintiff; (2) approving its selection of Labaton as Lead Counsel for the Class and AsherKelly as Liaison Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

Dated: November 27, 2024      Respectfully submitted,

           **LABATON KELLER SUCHAROW LLP**

           */s/ Francis P. McConville*
           Francis P. McConville (N.Y. 4740338)
           Eric Belfi (N.Y. 2714202)
           140 Broadway

14

New York, New York 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
fmcconville@labaton.com
ebelfi@labaton.com

*Counsel for Proposed Lead Plaintiff and Proposed Lead Counsel for the Class*

Matthew Henzi (P 57334)
Cynthia Billings-Dunn (P 54803)
AsherKelly
25800 Northwestern Highway, Suite 1100
Southfield, Michigan 48075
Tel: (248) 746-2710
mhenzi@asherkellylaw.com
cbdunn@asherkellylaw.com

*Proposed Liaison Counsel for the Class*

15

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2024, I authorized the electronic filing

of the foregoing paper with the Clerk of the court using the ECF system which will

send notification of such filing to all counsel of record registered for electronic filing.

*s/ Francis P. McConville*
Francis P. McConville