**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| ALBERT GUZMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY, JAMES D. FARLEY, JR., and JOHN T. LAWLER,<br><br>　　　　Defendants. | Case No.: 2:24-cv-12080-LVP-KGA (Consolidated)<br><br>Hon. Linda V. Parker<br>Mag. Judge Kimberly G. Altman |

**NOTICE OF MOTION OF RONALD A. FERRANTE FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

## NOTICE OF MOTION

**TO THE CLERK OF THE COURT, ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Ronald A. Ferrante ("Movant") respectfully move this Court for an order: (1) appointing Movant as Lead Plaintiff in the above-captioned action (the "Action") pursuant to §21D the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (2) approving Movant's selection of Levi & Korsinsky, LLP as Lead Counsel and Shea Law, PLLC as Liaison Counsel for the Class.

Movant seeks appointment as lead plaintiff and approval of his choice of counsel pursuant to the Exchange Act, the Federal Rules of Civil Procedure, and the PSLRA. This motion is based on this notice, the attached Memorandum of Law, an Index of Exhibits in support thereof, and the Court's complete files and records in this Action, as well as such further argument as the Court may allow at a hearing on this motion.[1]

---

[1] Local Rule 7.1(a)(2) parties are required to seek a concurrence prior to filing motions. Pursuant to the PSLRA, however, any class member, regardless of whether that class member filed a complaint, may file a motion for appointment as lead plaintiff. Thus, there is no way for Movant to know which other entities or persons plan to move for appointment as lead plaintiff until after all the movants have filed their respective motions. Under these circumstances, Movant respectfully requests that the concurrence requirement of LR7.1(a)(2) be waived.

Dated: November 27, 2024

Respectfully Submitted,

**SHEA LAW, PLLC**

*/s/ David J. Shea*
David J. Shea (P41399)
Ashley D. Shea (P82471)
26100 American Drive, 2nd Floor
Southfield, MI 48034
(248) 354-0224
david.shea@shealaw.com
ashley.shea@shealaw.com

*Liaison Counsel for Movant and [Proposed] Liaison Counsel for the Class*

**LEVI & KORSINSKY, LLP**
Adam M. Apton
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Movant and [Proposed] Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| ALBERT GUZMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>           Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY, JAMES D. FARLEY, JR., and JOHN T. LAWLER,<br><br>           Defendants. | Case No.: 2:24-cv-12080-LVP-KGA (Consolidated)<br><br>Hon. Linda V. Parker<br>Mag. Judge Kimberly G. Altman |

**MEMORANDUM OF LAW IN SUPPORT OF RONALD A FERRANTE'S
MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND
<u>APPROVAL OF SELECTION OF COUNSEL</u>**

## **TABLE OF CONTENTS**

**Page**

I.    STATEMENT OF ISSUES PRESENTED PURSUANT TO LR 7.1(d)(2)..iv

II.   CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR THE RELIEF SOUGHT PURSUANT TO LR 7.1(d)(2) ........................................v

III.  PRELIMINARY STATEMENT....................................................................1

IV.   FACTUAL BACKGROUND .......................................................................2

V.    PROCEDURAL HISTORY..........................................................................4

VI.   ARGUMENT ..............................................................................................4

    A.   Appointing Movant as Lead Plaintiff Is Appropriate................................4

        1.  Movant Filed a Timely Motion. ............................................................5

        2.  Movant Has the Largest Financial Interest in the Relief Sought.............6

        3.  Movant Satisfies the Relevant Requirements of Rule 23. .......................7

            a.   Movant's Claims Are Typical. .........................................................8

            b.   Movant is an Adequate Representative. ............................................9

    B.   Approving Movant's Choice of Counsel Is Appropriate. .........................10

VII.  CONCLUSION..........................................................................................11

ii

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Am. Med. Sys., Inc.,*
75 F.3d 1069 (6th Cir. 1996)..................................................................................8

*In re Cardinal Health, Inc. Sec. Litig.,*
226 F.R.D. 298 (S.D. Ohio 2005) .........................................................................6

*In re Cendant Corp.,*
264 F.3d 201 (3d Cir. 2001)................................................................................10

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,*
269 F.R.D. 291 (S.D.N.Y. 2010) ..........................................................................9

*In re Gentiva Sec. Litig.,*
281 F.R.D. 108 (E.D.N.Y. 2012) ..........................................................................8

*In re Goodyear Tire & Rubber Co. Sec. Litig,*
2004 WL 3314943 (N.D. Ohio May 12, 2004)......................................................8

*Ford v. VOXX Int'l Corp.,*
No. 14-cv-4183-JS-AYS, 2015 WL 4393798 (E.D.N.Y. Apr. 13, 2015)............8

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.,*
No. 10-CV-00864 SLT RER, 2011 WL 3511057 (E.D.N.Y. May 31, 2011) .....9

*Weinberg v. Atlas Air Worldwide Holdings, Inc.,*
216 F.R.D. 248 (S.D.N.Y. 2003) ..........................................................................8

**Statutes**

15 U.S.C. § 78u-4.................................................................................*passim*

**Rules**

FED. R. CIV. P. 23 ..................................................................................1, 5, 7, 8

## I.    STATEMENT OF ISSUES PRESENTED PURSUANT TO LR 7.1(d)(2)

1.    Whether the Court should appoint Ronald A. Ferrante as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B)?

Movant's answer: Yes.

2. Whether the Court should approve Ronald A. Ferrante's selection of Levi & Korsinsky LLP as Lead Counsel and Shea Law, PLLC as Liaison Counsel for the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v)?

Movant's answer: Yes.

iv

## II.   CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR THE RELIEF SOUGHT PURSUANT TO LR 7.1(d)(2)

1.   The lead plaintiff provisions of the PSLRA, 15 U.S.C. § 78u-4(a)(3), *et seq.*

## MEMORANDUM OF LAW

### III.    PRELIMINARY STATEMENT

Ronald A. Ferrante ("Movant") respectfully submits this memorandum of law in support of his motion ("Motion") to appoint him as lead plaintiff in the above-captioned action (the "Action") and approve his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel and Shea Law, PLLC ("Shea Law") as Liaison Counsel pursuant to Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of persons and entities that purchased or otherwise acquired Ford Motor Company ("Ford" or the "Company") securities between April 27, 2022 and July 24, 2024, inclusive (the "Class Period"). Movant seeks to recover damages pursuant to claims under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5), promulgated thereunder, against Defendants Ford, James D. Farley, Jr. ("Farley"), and John T. Lawler ("Lawler") (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the

most adequate movant as lead plaintiff. Movant believes that he is the "most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based on the substantial financial losses he suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims and he will fairly and adequately represent the interests of the Class. In addition, Movant's selection of Levi & Korsinsky as Lead Counsel and Shea Law as Liaison Counsel should be approved because the firms have substantial experience in securities class action litigation and the experience and resources to efficiently prosecute the Action.

## IV.  FACTUAL BACKGROUND[2]

Ford is an automotive manufacturing company that develops, delivers, and services a range trucks, cars, and luxury vehicles worldwide. ¶ 2.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. ¶ 5. Specifically, Defendants failed to disclose to investors: (1) that the Company had deficiencies in its quality

---

[2] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Guzman* Complaint") filed in the action styled *Guzman v. Ford Motor Company, et. al.,* Case No. 2:24-cv-12080-LVP-KGA (the "*Guzman* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Guzman* Complaint. The facts set forth in the *Guzman* Complaint are incorporated herein by reference.

assurance of vehicle models since 2022; (2) that, as a result, the Company was experiencing higher warranty costs; (3) that the Company's warranty reserves did not accurately reflect the quality issues in vehicles sold since 2022; (4) that, as a result, the Company's profitability was reasonably likely to suffer; and (5) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. *Id.*

After the market closed on July 24, 2024, Ford announced second quarter 2024 financial results, revealing that the Company's "***[p]rofitability was affected by an increase in warranty reserves***" and "higher warranty costs." ¶ 3. As a result, the Company also revised its outlook for full year earnings for its electric vehicle segment to "reflect[] higher warranty costs than originally planned." *Id.* Analysts and journalists, including THE ASSOCIATED PRESS and THE WASHINGTON POST, reported that, in the second quarter, warranty and recall costs ***totaled $2.3 billion***, $800 million more than the first quarter and $700 million more than a year prior. *Id.*

In response to this news, the Company's share price declined 18.36%, or $2.51, to close on July 25, 2024 at $11.16 per share, on unusually heavy trading volume. ¶ 4.

3

## V. PROCEDURAL HISTORY

Pending before this Court is the above-captioned Action against the Defendants. Plaintiff Albert Guzman ("Guzman") commenced the first-filed action on August 8, 2024 in this Court. On that same day, counsel acting on Guzman's behalf published a notice on *Business Wire* announcing that a securities class action had been initiated against the Defendants. *See* Ex. C.

## VI. ARGUMENT

### A. Appointing Movant as Lead Plaintiff Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

4

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movant has, to the best of his knowledge, the largest financial interest in this litigation—having lost $621,229.74 as a result of his transactions and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Ex. B. In addition, Movant is not aware of any unique defenses that Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movant respectfully submits that he should be appointed as lead plaintiff.

### 1. Movant Filed a Timely Motion.

On August 8, 2024, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel in the *Guzman* Action published the Press Release on *Business Wire*—a widely circulated national business-oriented wire service—announcing that a securities class action

5

had been filed against Defendants herein and advising purchasers of in Ford securities that they had 60 days from the publication of the August 8, 2024 notice to file a motion to be appointed as lead plaintiff. *See* Ex. C.

Movant timely filed his motion within the 60-day period following publication of the Ford securities Press Release and submitted herewith a sworn certification attaching his transactions in Ford securities and attesting that he is willing to serve as representative of the Class. *See* Ex. A. By making a timely motion in response to a PSLRA notice, Movant satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

### 2. Movant Has the Largest Financial Interest in the Relief Sought.

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). The movant who with the largest financial interest and meets the requirements of typicality and adequacy under Rule 23 is presumptively the lead plaintiff. *See In re Cardinal Health, Inc. Sec. Litig.,* 226 F.R.D. 298, 302 (S.D. Ohio 2005). At the time of this filing, Movant believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

6

Movant acquired Ford securities at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and was injured thereby. As a result of Defendants' false statements, Movant suffered an approximate loss of $621,229.74. *See* Ex. B. Movant is unaware of any other Class member claiming a larger financial interest in this matter that have filed a motion for appointment as lead plaintiff. Consequently, Movant believes that he has the "largest financial interest in the relief sought by the Class." Thus, Movant satisfies the second PSLRA requirement—the largest financial interest—and should be appointed as lead plaintiff for the Class.

### 3. Movant Satisfies the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, typicality and adequacy are the only provisions of Rule 23 that are to be considered. *Ford v. VOXX Int'l Corp.,* No. 14-cv-4183-JS-AYS, 2015 WL 4393798, at *3 (E.D.N.Y. Apr. 13, 2015) (citing *In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 112 (E.D.N.Y. 2012)). With respect to the qualifications of a class representative, Rule 23(a) requires generally that representatives' claims be typical of those of the class, and that representatives will fairly and adequately protect the interests of the class. *See In re Goodyear Tire & Rubber Co. Sec. Litig,* 2004 WL 3314943, at *6 (N.D. Ohio May 12, 2004). At the lead plaintiff stage of the litigation, Movant need only make a preliminary showing that he satisfies Rule 23's typicality and adequacy requirements. *Weinberg v. Atlas Air Worldwide Holdings, Inc.,* 216 F.R.D. 248, 252 (S.D.N.Y. 2003).

### a. Movant's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *In re Am. Med. Sys., Inc.,* 75 F.3d 1069, 1082 (6th Cir. 1996). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants' material misstatements

8

and omissions concerning Ford's business, operational and financial results violated the federal securities laws. Movant, like all members of the Class, purchased or otherwise acquired Ford securities during the Class Period. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-CV-00864 SLT RER, 2011 WL 3511057, at *4 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

### b. Movant is an Adequate Representative.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). Movant has demonstrated his adequacy by retaining competent and experienced counsel, Levi & Korsinsky and Shea Law, with the resources and expertise to efficiently prosecute the Action, and Movant's financial losses ensure that he has sufficient incentive to ensure the vigorous advocacy of the Action. *See* Ex. B. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class.

9

Moreover, Movant considers himself to be a sophisticated investor, having been investing in the stock market for approximately 21 years. He resides in Concord, New Hampshire. Movant is self-employed, running a graphics and pinstriping business at various auto dealerships. Further, Movant has experience overseeing attorneys, as he has hired attorneys for miscellaneous matters including real estate transactions and a claim against a former financial advisor. *See* Ex. D. Therefore, Movant will prosecute the Action vigorously on behalf of the Class. Accordingly, Movant meets the adequacy requirement of Rule 23.

### B.       Approving Movant's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movant has selected Levi & Korsinsky and Shea Law to pursue this litigation on his behalf and has retained the firms as the Class's Lead Counsel and Liaison Counsel, respectively, in the event he is appointed as lead plaintiff. Levi & Korsinsky and Shea Law possess adequate experience in securities litigation and have successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the Firm Résumés attached as Ex. E. Thus, the Court may

10

rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

## VII.  CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court grant his Motion and enter an Order: (1) appointing Movant as Lead Plaintiff, (2) approving his selection of Levi & Korsinsky as Lead Counsel and Shea Law as Liaison Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

*[Signature on following page]*

11

Dated: November 27, 2024

Respectfully Submitted,

**SHEA LAW, PLLC**

/s/ David J. Shea
David J. Shea (P41399)
Ashley D. Shea (P82471)
26100 American Drive, 2nd Floor
Southfield, MI 48034
(248) 354-0224
david.shea@shealaw.com
ashley.shea@shealaw.com

*Liaison Counsel for Movant and
[Proposed] Liaison Counsel for the
Class*

**LEVI & KORSINSKY, LLP**
Adam M. Apton
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Movant and
[Proposed] Lead Counsel for the Class*

12

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2024, I authorized the electronic filing of the foregoing paper with the Clerk of the court using the ECF system which will send notification of such filing to all counsel of record registered for electronic filing.

/s/ David J. Shea
David J. Shea

13