VANOVERBEKE, MICHAUD & TIMMONY, P.C.
THOMAS C. MICHAUD (P46787)
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
tmichaud@vmtlaw.com

Local Counsel

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ALBERT GUZMAN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> FORD MOTOR COMPANY, et al., <br><br> Defendants. | Civ. No. 2:24-cv-12080-LVP-KGA (Consolidated) <br><br> <u>CLASS ACTION</u> |

CLARK D. CRIPPEN'S MEMORANDUM OF LAW IN OPPOSITION TO
COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF

4855-9995-0578.v2

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ....................................................................................1

II. ARGUMENT.........................................................................................3

    A. None of the Competing Movants Have the Largest Financial Interest and Thus Cannot Trigger the Most Adequate Plaintiff Presumption.................................................................................4

    B. Mr. Crippen Satisfies the Rule 23 Requirements and Is Entitled to the Most Adequate Plaintiff Presumption.......................................7

    C. The Presumption in Favor of Appointing Mr. Crippen as Lead Plaintiff Will Not Be Rebutted.................................................................8

    D. Mr. Ferrante's Failure to Timely Disclose His Transactions in Ford During the Class Period Independently Precludes His Candidacy .................................................................................8

III. CONCLUSION....................................................................................10

4855-9995-0578.v2

# TABLE OF AUTHORITIES

**Page**

## CASES

*Blitz v. AgFeed Indus., Inc.*,
   2012 WL 1192814 (M.D. Tenn. Apr. 10, 2012) ........................................4, 6, 7

*City of Taylor Gen. Emps. Ret. Sys. v. Astec Indus., Inc.*,
   2019 WL 2611013 (E.D. Tenn. June 26, 2019) ...................................................5

*Garden City Emps.' Ret. Sys. v. Psychiatric Sols., Inc.*,
   2010 WL 1790763 (M.D. Tenn. Apr. 30, 2010) ..................................................4

*Hom v. Vale, S.A.*,
   2016 WL 880201 (S.D.N.Y. Mar. 7, 2016) .........................................................2

*In re Am. Serv. Grp., Inc.*,
   2006 WL 2503648 (M.D. Tenn. Aug. 29, 2006) ..................................................5

*In re The Boeing Co. Aircraft Sec. Litig.*,
   2019 WL 6052399 (N.D. Ill. Nov. 15, 2019) ......................................................2

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ........................................................4, 6, 7

*In re Telxon Corp. Sec. Litig.*,
   67 F. Supp. 2d 803 .........................................................................................9

*Kangas v. Illumina Inc.*,
   2024 WL 1587463 (S.D. Cal. Apr. 11, 2024) ....................................................2

*Miller v. Dyadic Int'l, Inc.*,
   2008 WL 2465286 (S.D. Fla. Apr. 18, 2008) .....................................................2

*Mohanty v. BigBand Networks, Inc.*,
   2008 WL 426250 (N.D. Cal. Feb. 14, 2008) ......................................................5

*Norfolk Cnty. Ret. Sys. v. Cmty. Health Sys., Inc.*,
   2011 WL 6202585 (M.D. Tenn. Nov. 28, 2011)..................................................4

*Owens v. FirstEnergy Corp.*,
   2020 WL 6873421 (S.D. Ohio Nov. 23, 2020) ...............................................4, 6

- ii -

**Page**

*Parot v. Clarivate Plc*,
2022 WL 1568735 (E.D.N.Y. May 18, 2022)......................................................2

*Pio v. Gen. Motors Co.*,
2014 WL 5421230 (E.D. Mich. Oct. 24, 2014)...................................................6

*St. Clair Cnty. Emps.'Ret. Sys. v. Acadia Healthcare Co., Inc.*,
2019 WL 494129 (M.D. Tenn. Jan. 9, 2019) .....................................................6

*Takara Tr. v. Molex Inc.*,
229 F.R.D. 577 (N.D. Ill. 2005).........................................................................4

## STATUTES, RULES, AND REGULATIONS

15 U.S.C.
§78u-4(a)(2)(A)(iv).............................................................................................8
§78u-4(a)(3)(B)(i) ..............................................................................................3
§78u-4(a)(3)(B)(iii)(I).....................................................................................1, 3
§78u-4(a)(3)(B)(iii)(II) ....................................................................................3, 8

Federal Rules of Civil Procedure
Rule 23 ........................................................................................*passim*

- iii -

## STATEMENT OF ISSUES PRESENTED

1.     Whether Mr. Crippen is the "most adequate plaintiff" pursuant to 15 U.S.C. §78u-4(a)(3)(B); and

2.     Whether Mr. Crippen's status as the presumptive lead plaintiff can be rebutted with "proof" pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

## STATEMENT OF CONTROLLING AUTHORITY

The lead plaintiff provisions of the PSLRA, 15 U.S.C. §§78u-4(a)(3), *et seq*.

## I.     INTRODUCTION

Four movants seek appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"): (1) Clark D. Crippen; (2) Ronald A. Ferrante; (3) Teamsters Local 710 Pension Fund; and (4) Michael M. Press.[1]  *See* ECF 13, 14, 15, 17.  The PSLRA specifies that the presumptive lead plaintiff in a securities class action is the movant with the largest financial interest that also meets the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  According to the financial interest representations made by the movants in their opening briefs, Mr. Crippen has the largest financial interest in this action:

| MOVANT | CLAIMED LOSS | LOSS METHODOLOGY USED IN OPENING BRIEF |
|---|---|---|
| Mr. Crippen | $904,191 | Last-in, first-out ("LIFO") |

---

[1]     Unless otherwise noted, all emphasis is added and citations are omitted.

- 1 -

| | | |
|---|---|---|
| Mr. Ferrante | $621,230 | LIFO |
| Teamsters 710 | $350,400 | LIFO |
| Mr. Press | $107,449 | LIFO |

Indeed, Crippen suffered a $904,191 loss on his Ford Motor Company investment between October 28, 2021 and July 24, 2024 (the "Class Period"), over 50% greater than the losses of Mr. Ferrante, the next closest movant (who chose to strategically conceal his transactions in Ford securities transactions between October 28, 2021 and April 27, 2022).[2] Mr. Crippen also unquestionably satisfies Rule 23's requirements. *See* ECF 15 at PageID.313-317. Mr. Crippen is committed to actively prosecuting this litigation and has chosen counsel with extensive experience litigating securities class actions generally, as well as cases in this Circuit. *See id.* Because Mr.

---

[2]   The complaints in the above-captioned related securities class actions allege different class period start dates. *Compare Guzman*, ECF 1 at ¶1 (alleging April 27, 2022 through July 24, 2024 class period) *with Sklodowski*, ECF 1 at ¶1 (alleging October 28, 2021 through July 24, 2024 Class Period). Mr. Crippen, Teamsters 710, and Mr. Press all agree that the related actions should be consolidated. *See* ECF 13 at PageID.111; ECF 15 at PageID.311; ECF 17 at PageID.349-350. "Where, as here, the motion relates to pleadings alleging varying class periods, courts use the longest class period in determining the largest financial interest." *Parot v. Clarivate Plc*, 2022 WL 1568735, at *5 n.5 (E.D.N.Y. May 18, 2022); *Hom v. Vale, S.A.*, 2016 WL 880201, at *4 (S.D.N.Y. Mar. 7, 2016) ("use of the longer, more inclusive class period is proper for purposes of the present motion because the longer class period encompasses more potential class members and damages"); *Kangas v. Illumina Inc.*, 2024 WL 1587463, at *3 (S.D. Cal. Apr. 11, 2024) ("'[C]ourts usually . . . use the most inclusive class period and select as lead plaintiff the movant with the largest financial interest under that period.'"); *In re The Boeing Co. Aircraft Sec. Litig.*, 2019 WL 6052399, at *3 (N.D. Ill. Nov. 15, 2019) (same); *Miller v. Dyadic Int'l, Inc.*, 2008 WL 2465286, at *4 (S.D. Fla. Apr. 18, 2008) (same).

Crippen is the presumptive lead plaintiff, Mr. Crippen respectfully requests that the Court deny the competing motions, appoint him as Lead Plaintiff, and approve his selection of Lead Counsel.

## II.   ARGUMENT

Pursuant to the PSLRA, the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."   15 U.S.C. §78u-4(a)(3)(B)(i).   The PSLRA creates a rebuttable presumption that the most adequate plaintiff is "the person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).   While this presumption is rebuttable, it can be rebutted "only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff" either "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."   15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

Here, the competing movants cannot trigger the presumption because they lack the largest financial interest.   Moreover, the competing movants cannot rebut the presumption that Mr. Crippen is the most adequate plaintiff because there is no proof

- 3 -

of inadequacy or unique defenses.  Accordingly, the competing motions should be denied.

A.   **None of the Competing Movants Have the Largest Financial Interest and Thus Cannot Trigger the Most Adequate Plaintiff Presumption**

"While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Tr. v. Molex Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005); *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status . . . ."); *Blitz v. AgFeed Indus., Inc.*, 2012 WL 1192814, at *8 (M.D. Tenn. Apr. 10, 2012) ("simply on the basis of the losses stated in their initial Motions, AIG has the largest financial interest"); *Owens v. FirstEnergy Corp.*, 2020 WL 6873421, at *10-*11 (S.D. Ohio Nov. 23, 2020) ("In keeping with the courts of this Circuit and its previous decisions, this Court treats the fourth loss *Olsen-Lax* factor [out-of-pocket loss] as the determinative one.").[3]  Recognizing that reality, each of the movants represented their

---

[3]   *See also e.g.*, *Norfolk Cnty. Ret. Sys. v. Cmty. Health Sys., Inc.*, 2011 WL 6202585, at *7 (M.D. Tenn. Nov. 28, 2011) (treating the largest alleged loss as dispositive after concluding that the first three factors "do not necessarily provide an appropriate measurement for identifying the Plaintiff with the largest financial interest"); *Garden City Emps.' Ret. Sys. v. Psychiatric Sols., Inc.*, 2010 WL 1790763, at *3-*4 (M.D. Tenn. Apr. 30, 2010) (acknowledging all four factors but highlighting the presumptive plaintiff's alleged losses to conclude that there was no need "for an

- 4 -

financial interest by calculating their out-of-pocket loss using the LIFO accounting methodology. *See* ECF 15 at PageID.313; ECF 14 at PageID.183, 186,188; ECF 13 at PageID.107, 114; ECF 17 at PageID.352.   Based on the movants' claimed losses during the Class Period, it is readily apparent that Mr. Crippen possesses the largest financial interest in the relief sought by the class:

| MOVANT | CLAIMED LIFO LOSS |
|---|---|
| Mr. Crippen | $904,191 |
| Mr. Ferrante | $621,230 |
| Teamsters 710[4] | $350,400 |
| Mr. Press | $107,449 |

Although district courts frequently employ a four-factor inquiry called the *Lax* test, which also considers "'(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period,'" in addition to "'(4) the approximate losses

alternate method for determining the largest financial interest"); *In re Am. Serv. Grp., Inc.*, 2006 WL 2503648 (M.D. Tenn. Aug. 29, 2006) (same).

[4]    Because of the clear directive provided by the PSLRA, "[Teamsters 710's] status as an institutional investor does not provide any presumption that the institutional plaintiff is a more adequate lead plaintiff than [Mr. Crippen,] an individual investor with a larger financial interest." *Mohanty v. BigBand Networks, Inc.*, 2008 WL 426250, at *6 (N.D. Cal. Feb. 14, 2008); *City of Taylor Gen. Emps. Ret. Sys. v. Astec Indus., Inc.*, 2019 WL 2611013, at *4 (E.D. Tenn. June 26, 2019) (rejecting argument that institutional investor status entitled movant to appointment, finding that "the preference for institutional investors is built into the PSLRA itself by means of the second requirement – *to wit*, the most adequate plaintiff shall have the largest financial interest in the action.") (emphasis in original).

4855-9995-0578.v2

suffered),'" the weight of the authority makes clear that absent "unusual circumstances that render loss an inadequate factor on its own," loss is determinative of financial interest in this Circuit. *Owens*, 2020 WL 6873421, at 5, \*8,\*10-\*11(then-Chief Judge Marbley finding that the first three *Lax* factors "are less useful because the LIFO method incorporates them into its calculation methodology").[5] Mr. Crippen thus has the largest financial interest in the relief sought by the class.

"'Once it determines which plaintiff has the biggest stake, the court must appoint that plaintiff as Lead, unless it finds that he does not satisfy the typicality or adequacy requirements.'" *Blitz*, 2012 WL 1192814, at \*8 (quoting *Cavanaugh*, 306 F.3d at 732).  Here, Mr. Crippen easily satisfies the Rule 23 requirements.

---

[5]     The fact that all four movants agreed on the appropriate methodology to calculate their losses distinguishes this case from this Court in *Pio v. Gen. Motors Co.*, 2014 WL 5421230 (E.D. Mich. Oct. 24, 2014), where the lead plaintiff movants "employ[ed] different methodologies from each other to calculate their losses" and "each use[d] different methods from brief to brief – offering the Court varying estimations of their losses," forcing the court to "spen[d] considerable time" making sense of the movants' calculations in an attempt to conduct an apples-to-apples comparison and rank the movants in terms of financial interest, as the PSLRA requires. *Id.* at \*5-\*6 (lamenting that "[s]uch efforts seem contrary to one of the main reasons courts favor the use of the four *Lax* factors: 'because they look to relatively objective indicators'").  As one in-Circuit district court recognized in distinguishing *Pio*, "the net-shares-purchased analysis in *Pio* served as a proxy for estimating total loss" but a "***proxy is not necessary where, as here, the parties agree on how loss is calculated under the fourth factor***." *St. Clair Cnty. Emps.' Ret. Sys. v. Acadia Healthcare Co., Inc.*, 2019 WL 494129, at \*4-\*5 (M.D. Tenn. Jan. 9, 2019) (finding loss determinative of financial interest).

**B.**   **Mr. Crippen Satisfies the Rule 23 Requirements and Is Entitled to the Most Adequate Plaintiff Presumption**

"If the plaintiff with the largest financial stake in the controversy provides information that satisfies [the Rule 23] requirements, he becomes the presumptively most adequate plaintiff." *Cavanaugh*, 306 F.3d at 730.  To satisfy the requirements of Rule 23 at the lead plaintiff motion stage, plaintiffs need only make a prima facie showing that they meet the typicality and adequacy prerequisites of Rule 23.  *Blitz*, 2012 WL 1192814, at *10.  As demonstrated in his opening memorandum, Mr. Crippen satisfies both requirements.  *See* ECF 15 at PageID.313-317.  Mr. Crippen satisfies the typicality requirement because his claims against defendants arise from the same events that give rise to the claims of other members of the class and are based on the same legal theories.  Like all other class members, Mr. Crippen's claims are based on purchases of Ford common stock during the Class Period on the New York Stock Exchange.  And Mr. Crippen satisfies the adequacy requirement because his interests are aligned with those of the other members of the class who suffered similar harm as a result of defendants' alleged wrongdoing, and no antagonism exists between Mr. Crippen's interests and the interests of other members of the class.  *See Blitz*, 2012 WL 1192814, at *10.

Moreover, Mr. Crippen is a sophisticated investor with decades of experience who selected counsel that has achieved unrivaled success in this Circuit representing victims of securities fraud.  *See* ECF 15 at PageID.314-317.  Mr. Crippen's

- 7 -

4855-9995-0578.v2

Declaration (ECF 15-5) provides information about his background, public service history, and approximately 30 years of investing experience.  Accordingly, the Court should find that Mr. Crippen is entitled to the most adequate plaintiff presumption.

### C.   The Presumption in Favor of Appointing Mr. Crippen as Lead Plaintiff Will Not Be Rebutted

To rebut the presumption in favor of Mr. Crippen's appointment as lead plaintiff, the PSLRA requires the other movants to submit "proof" that Mr. Crippen "will not fairly and adequately protect the interests of the class" or is "subject to unique defenses." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).  None exists.  Consequently, the Court should deny the competing motions because Mr. Crippen is the presumptive lead plaintiff.

### D.   Mr. Ferrante's Failure to Timely Disclose His Transactions in Ford During the Class Period Independently Precludes His Candidacy

Mr. Ferrante's candidacy as a lead plaintiff is a nonstarter as he fails to comply with even the most basic requirement of the PSLRA requiring movants to disclose *all* of their transactions in the relevant securities within the 60-day notice period.[6] While *all* of the other movants executed the requisite Certifications and disclosed their trading in *both* proposed class periods, Mr. Ferrante's sworn Certification only

---

[6]   The PSLRA's certification provision requires a movant seeking to serve as a representative party to identify *all* of the transactions of the movant in the security that is the subject of the complaint during the class period specified in the complaint. *See* 15 U.S.C. §78u-4(a)(2)(A)(iv).

- 8 -

purports to identify his transactions in the *Guzman* class period and predates the filing of the *Sklodowski* complaint.  *See* ECF 14-2 at PageID.199-200.  Mr. Ferrante's failure to timely provide his complete transactional history in the entire Class Period is particularly troubling given the fact that courts around the country almost unanimously apply the longest class period to the lead plaintiff inquiry (both in terms of assessing financial interest and compliance with Rule 23's typicality and adequacy requirements).  *See* n.2, *supra.*  What's worse, Mr. Ferrante's failure to timely comply with the PSLRA's certification requirement can ***only*** mean one of two things: (1) Mr. Ferrante strategically chose to withhold his trading in the Class Period until after the 60-day lead plaintiff window elapsed so that he could argue for any class period he possessed a larger financial interest than competing movants in; or (2) Mr. Ferrante and/or his counsel did not have the resources in place to identify the filing of the *Sklodowski* complaint for at least 14 days.  Either alternative precludes Mr. Ferrante's ability to satisfy the requirements of the PSLRA and Rule 23.  *See In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 818 ("The PSLRA is unequivocal and allows for no exceptions. . . .  The plain language of the statute precludes consideration of a financial loss asserted for the first time in a complaint, or any other pleading, for that matter, filed ***after*** the sixty (60) day window has closed." (emphasis in original)).

- 9 -

## III.  CONCLUSION

It is axiomatic that the investor with the largest loss that satisfies the Rule 23 requirements is entitled to the PSLRA's most adequate plaintiff presumption.  Mr. Crippen possesses the largest financial interest and is both typical of the class and adequate.  The competing movants do not possess the largest financial interest and, therefore, cannot trigger the presumption.  Accordingly, Mr. Crippen respectfully submits that his motion (ECF 15) should be granted, and the competing motions (ECF 13, 14, 17) should be denied.

DATED:  November 27, 2024

Respectfully submitted,

VANOVERBEKE, MICHAUD
 & TIMMONY, P.C.
THOMAS C. MICHAUD (P46787)

s/ Thomas C. Michaud
THOMAS C. MICHAUD

79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
tmichaud@vmtlaw.com

Local Counsel

- 10 -

4855-9995-0578.v2

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
JUAN CARLOS SANCHEZ
KENNETH P. DOLITSKY
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
jsanchez@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead
Plaintiff

- 11 -

4855-9995-0578.v2