# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |
|---|---|
| ALBERT GUZMAN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> FORD MOTOR COMPANY, JAMES D. FARLEY, JR., and JOHN T. LAWLER, <br><br> Defendants. | No. 2:24-cv-12080-LVP-KGA <br><br> District Judge Linda V. Parker <br><br> Magistrate Judge Kimberly G. Altman |

## REFILED REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF TEAMSTERS LOCAL 710 PENSION FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF <u>SELECTION OF LEAD COUNSEL</u>

## STATEMENT OF ISSUES PRESENTED PURSUANT TO LR 7.1(d)(2)[1]

1.      Whether Teamsters Local 710 Pension Fund possesses the largest financial interest in the relief sought by the Class.

Teamsters Local 710 Pension Fund's Answer: Yes.

2.      Whether Teamsters Local 710 Pension Fund has made the required preliminary showing it is a typical and adequate Class representative.

Teamsters Local 710 Pension Fund's Answer: Yes.

3.      Whether any opposing movant can offer the required proof to rebut the presumption that Teamsters Local 710 Pension Fund is the most adequate plaintiff.

Teamsters Local 710 Pension Fund's Answer: No.

4.      Whether the Court should approve Teamsters Local 710 Pension Fund's selection of Lead Counsel and Liaison Counsel.

Teamsters Local 710 Pension Fund's Answer: Yes.

---

[1] This brief has been refiled in compliance with the Court's consolidation order. ECF Nos. 31-32. It is substantively the same as the previously filed reply (ECF No. 23) but excludes references to consolidation.

i

**CONTROLLING OR MOST APPROPRIATE
<u>AUTHORITY FOR THE RELIEF SOUGHT PURSUANT TO LR 7.1(d)(2)</u>**

1.      15 U.S.C. § 78u-4(a)(3).

2.      H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730.

ii

## PRELIMINARY STATEMENT

The filed motions for Lead Plaintiff appointment (ECF Nos. 13, 14, 15, and 17), and the oppositions filed in response (ECF Nos. 19-21) leave no doubt that Teamsters 710[2] should be appointed Lead Plaintiff.

## ARGUMENT

### I.   RONALD FERRANTE'S INCOMPLETE MOTION RENDERS HIM INADEQUATE

Ferrante's opposition (ECF No. 19) confirms he is an inadequate Lead Plaintiff for failing to file a complete and proper certification by the October 7, 2024 deadline.   Ferrante's own motion acknowledges this deadline.   ECF No. 14 at PageID.186-87.   By October 7, 2024, any investor seeking Lead Plaintiff appointment was required to submit "a sworn certification . . . [setting] forth all of the transactions of the plaintiff in the security that is the subject of the complaint during the class period specified in the complaint."   15 U.S.C.§ 78u–4(a)(2)(A).

Ferrante now admits that he failed to satisfy this basic requirement of the PSLRA by excluding relevant transaction from his initial certification.   For the first time in his opposition, Ferrante provides a list of transactions which occurred during the Class Period prior to April 27, 2022, *see* ECF No. 19-4 at PageID. 519, which

---

[2] All definitions and abbreviations used herein remain unchanged from Teamsters 710's previous submissions.   See ECF No 13 at PageID.96-173; ECF No. 20 at PageID.540-566.   Unless otherwise noted, all ECF references are to the docket in *Guzman v. Ford Motor Co.*, No. 24-cv-12080 (E.D. Mich.).   Unless otherwise noted, emphasis has been added and citations have been omitted throughout.

shows he bought and sold tens of thousands of additional Ford shares between October 2021 and April 2022.  Ferrante failed to disclose these transactions in his initial motion and does not explain why his initial motion and certification completely ignored the proper Class Period.[3]  Ferrante's incomplete motion renders him inadequate to serve as Lead Plaintiff.  *Rodriguez v. DraftKings Inc.*, 2021 WL 5282006, at *5 (S.D.N.Y. Nov. 12, 2021) (rejecting lead plaintiff movant largely due to "omissions in his PSLRA certification").  Further, it is too late for Ferrante to fix errors in his original submission as he was required to disclose *all* relevant transactions by the October 7, 2024 deadline.  *Porter v. Graftech Int'l Ltd.*, 2024 WL 2189642, at *9 (N.D. Ohio May 15, 2024) (rejecting a movant's attempt to correct errors a lead plaintiff submission after the deadline); *In re Able Lab'ys Sec. Litig.*, 425 F. Supp. 2d 562, 565 (D.N.J. 2006) (rejecting movants' attempt to submit a revised certification after the PSLRA deadline and finding that the "sixty-day limit is mandatory.").  Therefore, Ferrante is an inadequate lead plaintiff.

Additionally, Ferrante's argument that plaintiffs in this litigation must adhere to a shortened class period (ECF No. 19 at PageID.488-95) lays bare his self-interested campaign to secure the coveted lead plaintiff position at the expense of the larger Class.  Courts routinely reject movants that argue for shortened class

---

[3] Ferrante also fails to explain why his certification claimed he was authorizing the filing of a complaint when he was filing a lead plaintiff motion.  ECF No. 14-2 at PageID.199.

2

periods, as such arguments are antagonistic to the interests of the class as a whole. *See Deering v. Galena Biopharma, Inc.*, 2014 WL 4954398, at *11 (D. Or. Oct. 3, 2014) (finding a movant inadequate for arguing for a shorter class period which made it antagonistic to the class); *Hardy v. MabVax Therapeutics Holdings*, 2018 WL 4252345, at *5 (S.D. Cal. Sept. 6, 2018) ("[I]t is unclear why a plaintiff would argue for a shorter class period at th[e] [lead plaintiff] stage, which would have the effect of reducing the class size and limiting the potential amount of damages, *unless it was in the best interest of that particular plaintiff only*.") (Emphasis in original). Here, Ferrante attempts to reduce the proper Class Period by several months, seemingly because this would reduce movant Crippen's financial interest and increase Ferrante's chances for appointment. ECF No. 19 at PageID.488. Ferrante's attempt to bolster his case for appointment by reducing the size of the Class places him directly at odds with the Class as a whole and inadequate for appointment.

## II.   TEAMSTERS 710 IS THE MOST ADEQUATE PLAINTIFF

### A.   Teamsters 710 Has a Superior Financial Interest to Clark Crippen

With Ferrante inadequate, Teamsters 710 has the largest financial interest in the litigation. Teamsters 710 purchased more shares and more net shares than Crippen, giving Teamsters 710 the superior financial interest under two of the four financial interest factors under *Lax v. First Merchs. Acceptance Corp.*, 1997 WL

461036, at *5 (N.D. Ill. Aug. 11, 1997).  ECF No. 20 at PageID.556.  In cases where the price of relevant securities was inflated to the same extent throughout the Class Period (a "constant fraud premium"), financial interest is best determined based on which movant purchased the most net shares.  *In re WatchGuard Sec. Litig.*, 2005 WL 8188936, at *3 (W.D. Wash. July 13, 2005).  Where Defendants' fraud was revealed in a single disclosure, there was a constant fraud premium.  *Markette v. XOMA Corp.*, 2016 WL 2902286, at *5-6 (N.D. Cal. May 13, 2016).  Teamsters 710 and Crippen's Lead Plaintiff motions agree that Defendants' fraud was disclosed in a single announcement.  *See* ECF No. 13 at PageID.110 & ECF No. 15 at PageID.310-11.  Therefore, in this limited circumstance, net shares purchased determines which movant has the greatest financial interest.  *In re Critical Path, Inc. Sec. Litig.*, 156 F. Supp. 2d 1102, 1108 (N.D. Cal. 2001).

Crippen now cites a series of cases to argue financial interest should be decided exclusively through the fourth *Lax* factor, loss.  None of these cases address courts' preference for using net shares to determine financial interest where there is a constant fraud premium.[4]  Therefore, Teamsters 710 has a superior financial interest to Crippen.

---

[4] *See* ECF No. 21 at PageID.574-75.

**B.     Teamsters 710's Should be Appointed Lead Plaintiff as the Only Institutional Investor Seeking Appointment**

If any doubt remains as to whether Teamsters 710 or Crippen has the superior financial interest, Teamsters 710 should be appointed in recognition of the PSLRA's preference for institutional lead plaintiffs. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."). Crippen attempts to deny the PSLRA's clear preference for institutional investors. ECF No. 21 at PageID.575 n.4. This ignores the consistent holdings of courts across the country that institutions are the preferred lead plaintiff under the PSLRA and that the purpose of focusing on financial interest when selecting lead plaintiffs is to identify sophisticated institutions to serve in the role. *See City of Pontiac Gen. Emps.' Ret. Sys. v. Stryker Corp.*, 2011 WL 13228127, at *1 (W.D. Mich. Jan. 3, 2011) ("The focus on the plaintiff with the largest financial interests reflects 'a clear congressional preference for institutional investors to serve as lead plaintiffs.'").

Crippen fails to provide case law holding otherwise. In each of the cases cited by Crippen, it was undisputed that individuals had a superior financial interest to the institutional movant. *See Mohanty v. BigBand Networks, Inc.*, 2008 WL 426250, at *4 (N.D. Cal. Feb. 14, 2008); *City of Taylor Gen. Emps. Ret. Sys. v. Astec Indus.,*

*Inc.*, 2019 WL 2611013, at *3 (E.D. Tenn. June 26, 2019).  Here, in contrast, Teamsters 710 has the superior financial interest under the relevant analysis.  *See* Section II.A.

Even if the Court is uncertain whether Teamsters 710 has the larger interest, this ambiguity should weigh in favor of appointing the institutional movant.  The court in *Randall v. Fifth Street Finance Corp.*, faced with competing financial interest valuations, decided to "base[] its decision . . . on the Congressional preference for institutional lead plaintiffs."  2016 WL 462479, at *3 (S.D.N.Y. Feb. 1, 2016); *see also Juliar v. Sunopta Inc.*, 2009 WL 1955237, at *2 (S.D.N.Y. Jan. 30, 2009) (finding that a minor difference in loss "does not overcome a presumption inherent in Congress' enactment of the PSLRA that institutional investors serve as better lead plaintiffs").  As the only institutional movant, Teamsters 710 should be appointed Lead Plaintiff.  *See Freedman v. Weatherford Int'l Ltd.,* 2012 WL 13175995, at *1 (S.D.N.Y. July 10, 2012) (appointing institutions over an individual with a larger loss where there was "no suggestion that [the individual movant] has comparable expertise in business and investment matters.").

### C.    Teamsters 710's Adequacy and Typicality Are Unrebutted

Teamsters 710 is the only movant whose typically and adequacy is completely unchallenged by the competing movants.  *See* ECF Nos. 19 & 21.  Therefore, Teamsters 710 is the unrebutted most adequate plaintiff.

## CONCLUSION

For reasons discussed above and in prior briefs, Teamsters 710 respectfully requests that the Court grant its motion and deny the competing motions.

Dated: November 27, 2024

Respectfully submitted,

**LABATON KELLER SUCHAROW LLP**

*/s/ Francis P. McConville*
Francis P. McConville (N.Y. 4740338)
Eric Belfi (N.Y. 2714202)
140 Broadway
New York, New York 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
fmcconville@labaton.com
ebelfi@labaton.com

*Counsel for Proposed Lead Plaintiff and Proposed Lead Counsel for the Class*

Matthew Henzi (P 57334)
Cynthia Billings-Dunn (P 54803)
**ASHERKELLY**
25800 Northwestern Highway, Suite 1100
Southfield, Michigan 48075
Tel: (248) 746-2710
mhenzi@asherkellylaw.com
cbdunn@asherkellylaw.com

*Proposed Liaison Counsel for the Class*

7

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2024, I authorized the electronic filing of the foregoing paper with the Clerk of the court using the ECF system which will send notification of such filing to all counsel of record registered for electronic filing.

*s/ Francis P. McConville*
Francis P. McConville