**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| ALBERT GUZMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY, JAMES D. FARLEY, JR., and JOHN T. LAWLER,<br><br>　　　　　Defendants. | Case No.: 2:24-cv-12080-LVP-KGA<br><br><u>CLASS ACTION</u><br>(Consolidated)<br><br>Hon. Linda V. Parker |

**MOVANT RONALD A. FERRANTE'S REPLY IN FURTHER SUPPORT
OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF
<u>AND APPROVAL OF SELECTION OF COUNSEL</u>**

## TABLE OF CONTENTS

**Page**

I.   PRELIMINARY STATEMENT ................................................................. 1

II.  ARGUMENT ........................................................................................ 1

    A.   Mr. Ferrante Is the Presumptive Lead Plaintiff Because He Possesses the "Largest Financial Interest" in the Action and Satisfies Rule 23's Typicality and Adequacy Requirements .............. 1

    B.   Mr. Crippen and the Teamsters Fund Have Not Submitted Any "Proof" to Rebut Mr. Ferrante's Presumption as Lead Plaintiff. ........ 4

III. CONCLUSION ..................................................................................... 7

## <u>TABLE OF AUTHORITIES</u>

<u>**Page(s)**</u>

**Cases**

*Ark. Teacher Ret. Sys. v. Insulet Corp.*,
  177 F. Supp. 3d 618 (D. Mass. 2016) ................................................................. 4

*Blake v. Canoo Inc.*,
  2022 U.S. Dist. LEXIS 36484 (C.D. Cal. Feb. 18, 2022) ................................... 7

*Burns v. Up Fintech Holding Ltd.*,
  2024 U.S. Dist. LEXIS 19999 (C.D. Cal. Jan. 30, 2024) .................................... 5

*Camp v. Qualcomm Inc.*,
  2019 U.S. Dist. LEXIS 10269 (S.D. Cal. Jan. 22, 2019) .................................... 5

*City of Hollywood Firefighters' Pension Fund v. TransDigm Grp., Inc.*,
  2017 U.S. Dist. LEXIS 199868 (N.D. Ohio Dec. 4, 2017) ................................. 2

*Deering v. Galena Biopharma, Inc.*,
  2014 U.S. Dist. LEXIS 140766 (D. Or. Oct. 3, 2014) ........................................ 6

*Francisco v. Abengoa, S.A.*,
  2016 U.S. Dist. LEXIS 68145 (S.D.N.Y. May 24, 2016) ................................... 7

*Marquez v. Bright Health Grp., Inc.*,
  2022 U.S. Dist. LEXIS 81274 (E.D.N.Y. Apr. 26, 2022) ................................... 7

*Mersho v. United States Dist. Court*,
  6 F.4th 891 (9th Cir. 2021) .............................................................................. 3, 4

*Murphy v. Argo Blockchain PLC*,
  683 F. Supp. 3d 211 (E.D.N.Y. 2023) ............................................................... 7

*Niederklein v. PCS Edventures!.com, Inc.*,
  2011 U.S. Dist. LEXIS 18247 (D. Idaho Feb. 24, 2011) .................................... 6

*Patel v. Reata Pharms., Inc.*,
  549 F. Supp. 3d 559 (E.D. Tex. 2021) ............................................................... 7

*Pio v. GM Co.*,
  2014 U.S. Dist. LEXIS 151205 (E.D. Mich. Oct. 24, 2014) .............................. 3

*Plaut v. The Goldman Sachs Grp., Inc.*,
   2019 U.S. Dist. LEXIS 160255 (S.D.N.Y. Sep. 19, 2019) ................................. 5

*Plumbers & Pipefitters Nat'l Pension Fund v. Alta Mesa Res., Inc.*,
   2019 U.S. Dist. LEXIS 234325 (S.D.N.Y. Apr. 29, 2019) ............................... 4

*Rodriguez v. Draftkings Inc.*,
   2021 U.S. Dist. LEXIS 219489 (S.D.N.Y. Nov. 12, 2021)................................. 5

*Shapiro v. TG Therapeutics, Inc.*,
   2022 U.S. Dist. LEXIS 198067 (S.D.N.Y. Oct. 31, 2022)................................ 6

*Shupe v. Rocket Cos.*,
   601 F. Supp. 3d 214 (E.D. Mich. 2022) ........................................................... 3

*In re Telxon Corp. Sec. Litig.*,
   67 F. Supp. 2d 803 (N.D. Ohio 1999) .............................................................. 5

**Statutes**

15 U.S.C. § 78u-4(a)(2)(A)(i) ................................................................................ 6

15 U.S.C. § 78u-4(a)(2)(A)(iv) ............................................................................4, 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) .......................................................................... 4

## I.      PRELIMINARY STATEMENT

Mr. Ferrante possesses the "largest financial interest" in the litigation under both class periods. He also satisfies Rule 23's typicality and adequacy requirements. Consequently, Mr. Ferrante should be appointed lead plaintiff unless another movant can produce "proof" of inadequacy. The only two remaining movants—Clark Crippen and the Teamsters Local 710 Pension Fund—have not done this.

Inadequacy requires a showing of "proof." At most, Mr. Crippen and the Teamsters Fund merely argue that Mr. Ferrante's certification should have contained trade information for the "expanded" class period as opposed to only the "initial" class period. Their argument is flawed though because Mr. Ferrante's certification complied with the PSLRA and did not contain any inaccurate statements. Moreover, Mr. Ferrante's trades during the "expanded" class period actually increased his "financial interest," thereby confirming the absence of any potential conflict.

Mr. Ferrante respectfully requests that his motion be granted in its entirety.

## II.     ARGUMENT

**A.      Mr. Ferrante Is the Presumptive Lead Plaintiff Because He Possesses the "Largest Financial Interest" in the Action and Satisfies Rule 23's Typicality and Adequacy Requirements.**

Mr. Ferrante possesses the "largest financial interest" in the outcome of the action under both the "initial" and "expended" class periods. As the tables below

show, Mr. Ferrante's financial interest exceeds that of the two remaining movants on nearly all counts:

| Initial Class Period – April 27, 2022 to July 24, 2024 | | | | |
|---|---|---|---|---|
| Movant | Shares Purchased | Net Shares Purchased | Net Funds Expended | Approx. Losses |
| Ronald A. Ferrante | 342,210 | 302,242 | $3,841,470 | $621,230 |
| Teamsters Local 710 Pension Fund | 88,000 | 88,000 | $1,197,519 | $259,905 |
| Clark D. Crippen | 0 | 0 | $0 | $0 |

*See Guzman* Class Period Analysis, Dkt. No. 19-2 (PageID.500).

| Expanded Class Period – April 27, 2022 to July 24, 2024 | | | | |
|---|---|---|---|---|
| Movant | Shares Purchased | Net Shares Purchased | Net Funds Expended | Approx. Losses |
| Ronald A. Ferrante | 377,210 | 322,242 | $4,161,056 | $870,492 |
| Teamsters Local 710 Pension Fund | 109,100 | 109,100 | $1,512,610 | $350,182 |
| Clark D. Crippen | 67,546 | 67,546 | $1,624,024 | $904,340 |

*See Sklodowski* Class Period Analysis, Dkt. No. 19-3 (PageID.508).

The only "Olsten-Lax" factor that does not result in Mr. Ferrante's favor is "Approximate Losses" under the "expanded" class period. Yet even still, the difference between Mr. Ferrante's and Mr. Crippen's approximate loss is *de minimis* and does not outweigh the other factors pointing in Mr. Ferrante's favor. *See City of Hollywood Firefighters' Pension Fund v. TransDigm Grp., Inc.*, 2017 U.S. Dist. LEXIS 199868, at *9 (N.D. Ohio Dec. 4, 2017) (appointing movant who possessed

greater financial interest based on first three Olsten-Lax factors despite having lost $35,000 less than competing movant); *Pio v. GM Co.*, 2014 U.S. Dist. LEXIS 151205, at *11 (E.D. Mich. Oct. 24, 2014) (Parker, J.) ("The Court declines the invitation to ignore all but the fourth Lax factor in deciding which movant has the largest financial interest in this litigation.").

Mr. Ferrante also makes the necessary *prima facie* showing under Rule 23's typicality and adequacy requirements. *See Shupe v. Rocket Cos.*, 601 F. Supp. 3d 214, 220-21 (E.D. Mich. 2022) ("At this stage of the litigation, however, all that is required is a preliminary showing that the lead plaintiff's claims are typical and adequate [of the class]." (internal quotations omitted)); *see also Mersho v. United States Dist. Court*, 6 F.4th 891, 899 (9th Cir. 2021) (lead plaintiff presumption triggered if movant with largest loss makes "prima facie showing of adequacy and typicality"). "Because [Mr. Ferrante] satisfies the typicality and adequacy requirements of Rule 23, he is presumed to be the most adequate plaintiff to serve as the lead plaintiff." *Shupe*, 601 F. Supp. 3d at 221; *Pio*, 2014 U.S. Dist. LEXIS 151205, at *22-23 (movant "presumed to be the most adequate plaintiff" because it had largest financial interest and demonstrated typicality and adequacy requirements).

3

**B.     Mr. Crippen and the Teamsters Fund Have Not Submitted Any "Proof" to Rebut Mr. Ferrante's Presumption as Lead Plaintiff.**

Mr. Ferrante's "presumption" of lead plaintiff "may be rebutted *only upon proof* by a member of the purported plaintiff class that the presumptively most adequate plaintiff--(aa) will not fairly and adequately protect the interest of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (emphasis added). Absent "proof" of inadequacy or unique defenses, the presumption must be "give[n] effect." *See Mersho*, 6 F.4th at 899, 901 ("The statute requires proof that the presumptive lead plaintiff is not adequate.").

Mr. Crippen and the Teamsters Fund have not rebutted the presumption. Instead, they take issue with the fact that Mr. Ferrante's certification did not contain trade information for the "expanded" class period. Dkt. No. 20 (PageID.551-52); Dkt. No. 21 (PageID.578-79). But this is all the PSLRA requires. *See Plumbers & Pipefitters Nat'l Pension Fund v. Alta Mesa Res., Inc.*, 2019 U.S. Dist. LEXIS 234325, at *5-6 (S.D.N.Y. Apr. 29, 2019) ("[movant] was only required to set forth 'all of the transactions of the plaintiff in the security that is the subject of the complaint *during the class period specified in the complaint*,' and it has done so." (quoting 15 U.S.C. § 78u-4(a)(2)(A)(iv)) (emphasis in original)); *Ark. Teacher Ret. Sys. v. Insulet Corp.*, 177 F. Supp. 3d 618, 624 (D. Mass. 2016) (same).

Mr. Crippen's and the Teamsters Fund's legal support does not change the outcome on this issue. They rely on cases involving very different circumstances, namely those with inaccurate certifications. For example, Mr. Crippen's authority, *In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803 (N.D. Ohio 1999), involved a lead plaintiff movant who attempted to rely on an expanded class period alleged in an additional complaint filed after the PSLRA's 60-day deadline for filing lead plaintiff motions. The court refused to consider the movant's additional losses under the expanded class period. *Id*. at 818-19. The facts at hand are not remotely similar to *Telxon*. Indeed, Mr. Ferrante timely filed his motion for lead plaintiff, which included a complete and correct certification containing his trade information for the class period in the *Guzman* action. *See* Certification, Dkt. No. 14-2 (PageID.198).

The Teamsters Fund cites additional cases on this point, but they are all just as inapposite. In *Plaut v. The Goldman Sachs Grp., Inc.*, 2019 U.S. Dist. LEXIS 160255, at *11 (S.D.N.Y. Sep. 19, 2019), *Rodriguez v. Draftkings Inc.*, 2021 U.S. Dist. LEXIS 219489, at *15 (S.D.N.Y. Nov. 12, 2021), and *Burns v. Up Fintech Holding Ltd.*, 2024 U.S. Dist. LEXIS 19999, at *15 (C.D. Cal. Jan. 30, 2024), the lead plaintiff movants submitted certifications that contained errors, *i.e.*, the certifications omitted class period transactions. Similarly, in *Camp v. Qualcomm Inc.*, 2019 U.S. Dist. LEXIS 10269, at *9 (S.D. Cal. Jan. 22, 2019), and *Shapiro v. TG Therapeutics, Inc.*, 2022 U.S. Dist. LEXIS 198067, at *14 (S.D.N.Y. Oct. 31,

5

2022), the certifications contained untrue statements about the movants' familiarity with the complaints on file. Unlike these cases, Mr. Ferrante's certification did not contain any errors. To the contrary, Mr. Ferrante's certification complied strictly with the PSLRA by: (i) providing his trade information for "the class period specified in the [*Guzman* action] complaint" (15 U.S.C. § 78u-4(a)(2)(A)(iv)); and (ii) stating that he "reviewed the complaint and authorized its filing" (15 U.S.C. § 78u-4(a)(2)(A)(i)).[1]

The argument against Mr. Ferrante is also undermined by the fact that he voluntarily provided his additional trades for the "expanded" class period. *See* Supplemental Declaration, Dkt. No. 19-4 (PageID.516-19). Moreover, far from decreasing his "financial interest" in the litigation, the additional trades increased it. Thus, the "expanded" class period arguably benefits Mr. Ferrante and therefore does not present a conflict if the facts should warrant a longer class period at some point in the litigation. In light of Mr. Ferrante's "financial interest" under the "expanded" class period, the Teamsters Fund's reliance on *Deering v. Galena Biopharma, Inc.*, 2014 U.S. Dist. LEXIS 140766, at *31-32 (D. Or. Oct. 3, 2014), is misplaced

---

[1] While the Teamsters Fund faults Mr. Ferrante for stating in his certification that he "reviewed the complaint and authorized its filing," that is what the PSLRA requires. *See* 15 U.S.C. § 78u-4(a)(2)(A)(i); *see also Niederklein v. PCS Edventures!.com, Inc.*, 2011 U.S. Dist. LEXIS 18247, at *10 n.4 (D. Idaho Feb. 24, 2011) (holding that "neither certification is defective for either failing to include or including the 'authorized it filing' language").

because it proves Mr. Ferrante is not attempting to "serve [his] own interest" by advocating for a shorter class period. Dkt. No. 20, p. 6-7 (PageID.552-53).

The Teamsters Fund also argues for special treatment on account of its status as an institutional investor. Dkt. No. 20 at 8-10 (PageID.554-56). This argument lacks merit. "[The Teamsters Fund] has not provided any authority suggesting that its status as an institutional investor can overcome the presumption of adequacy accorded to [Mr. Ferrante] as the plaintiff[] who undeniably [has] the largest financial interest in this case." *Francisco v. Abengoa, S.A.*, 2016 U.S. Dist. LEXIS 68145, at \*16 (S.D.N.Y. May 24, 2016); *accord Marquez v. Bright Health Grp., Inc.*, 2022 U.S. Dist. LEXIS 81274, at \*26 (E.D.N.Y. Apr. 26, 2022). Additionally, Mr. Ferrante provided the information necessary to establish his ability to serve as lead plaintiff. *See* Declaration, Dkt. No. 14-5, ¶2 (PageID.211-12); *see also Murphy v. Argo Blockchain PLC*, 683 F. Supp. 3d 211, 223 (E.D.N.Y. 2023) (movant provided declaration with "background and business experience, and [competing movant] provides no grounds to doubt those qualifications"); *accord Blake v. Canoo Inc.*, 2022 U.S. Dist. LEXIS 36484, at \*17 (C.D. Cal. Feb. 18, 2022); *Patel v. Reata Pharms., Inc.*, 549 F. Supp. 3d 559, 570 (E.D. Tex. 2021).

## III.   CONCLUSION

For the foregoing reasons, Mr. Ferrante respectfully requests that the Court grant his Motion.

Dated: November 27, 2024

Respectfully Submitted,

**SHEA LAW, PLLC**

*/s/ David J. Shea*
David J. Shea (P41399)
Ashley D. Shea (P82471)
26100 American Drive, 2nd Floor
Southfield, MI 48034
(248) 354-0224
david.shea@shealaw.com
ashley.shea@shealaw.com

*Liaison Counsel for Movant and [Proposed] Liaison Counsel for the Class*

**LEVI & KORSINSKY, LLP**
Adam M. Apton
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Movant and [Proposed] Lead Counsel for the Class*

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 27, 2024, I authorized the electronic filing of the foregoing paper with the Clerk of the court using the ECF system which will send notification of such filing to all counsel of record registered for electronic filing.

*/s/ David J. Shea*
David J. Shea

9